# EXHIBIT 5

Judge Griffith May 1, 2012 Vacatur Order

9197-5904 QUEBEC, INC.                  :  IN THE COURT OF COMMON PLEAS
            Plaintiff

                                        :  CHESTER COUNTY, PENNSYLVANIA

        v.

                                        :  CIVIL ACTION

CHRIS KOSACHUK and NLG, LLC
            Defendant                   :  NO. 2012-00057

*Attorneys for Plaintiff: Darius A. Marzec, Esq. and Guy A. Donatelli, Esq.*
*Attorney for Defendants: Randall C. Schauer, Esq.*

## ORDER

AND NOW, this ___ day of May, 2012, upon consideration of the Motion of

Defendants Chris Kosachuk and NLG, LLC to Vacate Foreign Judgment and Vacate

Charging Order, Plaintiff's answer thereto and the parties' Memoranda, and following a

hearing, it is hereby ORDERED that:

1.    The Judgment entered against NLG, LLC is vacated.

2.    The Charging Order entered February 15, 2012 is vacated.  Defendants

shall have 20 days to answer Plaintiff's Motion for Charging Order and For Relief under

Rule 3118.[1]

                              BY THE COURT:

                              _____
                              Edward Griffith, J.

---

[1] The only matter before the court is the motion of Defendants Christopher Kosachuk
and NLG, LLC to vacate a foreign judgment and charging order.  This discussion is
confined to the facts and law relevant to that motion.
    On February 22, 2007 judgment was entered in the Supreme Court of New York, New
York County in favor of Eugenia Lorret and against Chris Kosachuk in the amount of

$108,293.54, plus interest of $41,388.91 from November 25, 2002 and costs of $1,050 ("the Judgment"). (Affidavit filed 1/4/12, Exh. A).

On May 12, 2008 Judge Tolub, Supreme Court of New York, New York County, entered an Order correcting and reducing the Judgment to $48,293.54, plus interest and costs. (Affidavit 1/4/12, Exh. B)

In the New York action, captioned "Eugenia Lorret and Nina Gogitidze v. Chris Kosachuk & NLG, LLC", Plaintiffs accused Defendants of diverting funds from Plaintiffs' account for Kosachuk's personal benefit.  Judge Tolub's May 12, 2008 Order recites that NLG, LLC was dismissed from the action prior to judgment being entered. Without explanation, the judgment was entered in favor of Lorret and not Gogitidze.

On December 15, 2009 Lorret and Gogitidze assigned the Judgment to 9197-5904 Quebec, Inc. ("Quebec"). (Affidavit, Exh. C filed 1/4/12)  Quebec exists for the sole purpose of holding and collecting the Judgment.

On January 4, 2012 Quebec commenced these proceedings, captioned as "Eugenia Lorret and Nina Gogitidze v. Chris Kosachuk & NLG, LLC", to domesticate the Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. §4306 ("UEFJA").  As part of Quebec's initial filing, Raymond Houle, an officer of Quebec, provided an affidavit pursuant to 42 Pa.C.S.A. §4306(c) ("the Affidavit").

In the Affidavit Houle declares "now due and owing on the Judgment [is] "$105,375.78 plus costs of $1,050, together with interest from November 25, 2002." (Affidavit, ¶7) (It should be noted that the figure $105,375.78 appears to represent the sum of the judgment, $48,293.54, plus approximately ten years of interest, 9% pursuant to McKinney's CPLR 5004, plus the costs.)

Houle also states in the Affidavit that it "is submitted to the Chester County Prothonotary for filing together with an authenticated copy of the judgment entered against the defendants on February 22, 2007...". (Affidavit, ¶3) (emphasis added)

Houle knew or should have known that the Judgment had been entered in New York against Kosachuk only.

The UEFJA requires that a judgment creditor provide the last known post office address of a judgment debtor in the affidavit; the prothonotary will send notice of the registration to this address. 42 Pa.C.S.A. § 4306(c).

Houle set forth in the Affidavit the last known post office address of Kosachuk as 201 South Biscayne Blvd, 28th FL., Miami, FL 33131 ("the Miami Address"). (Affidavit, ¶8)

Despite having included NLG in the caption as a defendant, referencing plural "defendants" and "judgment debtors" in the Affidavit, and having the Judgment entered against NLG, Houle failed to provide a last known post office address for NLG.  Counsel for Quebec admitted that the post office address for NLG is 854 Pheasant Run Road, West Chester, Pennsylvania 19382 ("the West Chester Address"). (Marzec Dep., p. 19)

2

The prothonotary, upon receiving documents that facially complied with the requirements of the UEFJA and that sought entry of a judgment against both Kosachuk and NLG, recorded the Judgment against both Kosachuk and NLG.

On February 15, 2012 an order was entered on Quebec's motion amending the caption of this action so that "9197-5904 Quebec, Inc." is now identified as Plaintiff and Lorret and Gogitidze were removed.

On February 15, 2012 an order was entered granting Quebec's motion for a charging order against NLG. The Charging Order gave all economic and management rights in NLG to Quebec pursuant to 15 Pa.C.S.A. §8563.

Kosachuk first learned of the existence of the Pennsylvania proceedings when the Charging Order was used by Quebec in proceedings in Florida.

With reference to NLG, there was no judgment from New York to domesticate. The Affidavit, signed by Houle and prepared by his counsel Darius Marzec, misled this court about the nature of the Judgment. Notably, Quebec acted to correct the case caption, but took no action to correct the judgment against NLG.

With reference to Kosachuk, personal service was not necessary to register the Judgment. Since this action involves post-judgment procedure, Kosachuk's interest had already been protected by prior notice and hearing in New York. "Pennsylvania courts have automatic *in rem* jurisdiction over all property located in the Commonwealth." Andrews v. Wallace, 441 Pa.Super. 208, 657 A.2d 24, 26 (1995). Due process requires "that Commonwealth authorities provide some notice before seizing a person's property to satisfy a judgment. This notice requirement is less stringent than personal service, because the Commonwealth is only going after property to satisfy a judgment which has been obtained with the fullest due process protections." Id.

With reference to the entry of the Charging Order, which operated as the seizure of the NLG, notice to Kosachuk was insufficient. Kosachuk had two last post office addresses, the Miami Address and the West Chester Address. Kosachuk had used both addresses for personal, business and legal matters. Quebec, through Houle and Marzec, was aware that Kosachuk used both addresses. Unlike the Andrews v. Wallace case, where the judgment debtor was avoiding service, in this case the judgment creditor was avoiding giving actual notice. Quebec chose to give notice to Kosachuk at one address, the one calculated to be the least likely to provide actual notice. Quebec chose not to give notice to NLG despite having had a judgment entered against NLG. Marzec knew that Kozachuk accepted mail for NLG at the West Chester Address. (Marzec Dep., p. 19)

The charging order permits creditors to collect on a limited liability company member's unpaid personal debts through the member's interest in the limited liability company. Zokaites v. Pittsburgh Irish Pubs, LLC, 962 A.2d 1220, 1225 (Pa.Super.2008). When the limited liability company has members other than the judgment debtor, the judgment

3

creditor can seize only the member's economic benefits. Id. In this instance, Quebec alleged that Kosachuk was the sole member of NLG and seized the entire LLC. Notice of registration of a foreign debt by mail, rather than personal service, is adequate because the judgment debtor can raise defenses prior to execution. Shine, Julianelle, Karp, Bozelil & Karazin, P.C. v. Rubens, 192 A.D. 2d 345, 596 N.Y.S. 2d 20 (1993); Gedeon v. Gedeon, 630 P.2d 579 (Colo.,1981). Given the failure of notice, Kosachuk was denied an opportunity to raise any defense to the seizure. The Charging Order, entered on February 15, 2012 will be vacated so that Kosachuk can answer the Quebec's motion and any defenses can be duly considered.

4

# EXHIBIT 6

Judge Peter Lopez's Order of Dismissal

CFN: 20150634153 BOOK 29800 PAGE 1648
DATE:10/02/2015 09:15:29 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

SELECTIVE ADVISORS GROUP, LLC,
AS ASSIGNEE OF 9197-5904
QUEBEC, INC.,

      Plaintiff,

vs.

NLG, LLC, a Delaware Limited
Liability Company,

      Defendant,

### ORDER ON DEFENDANT, NLG, LLC'S
### MOTION TO VACATE AND CANCEL FOREIGN JUDGMENT
### AND CLOSE CASE

THIS CAUSE having come before the Court on October 1, 2015 on Defendant,

NLG, LLC'S Motion to Vacate and Cancel Foreign Judgment and Close Case and after the

Court reviewing the pleadings on file, hearing argument of counsel and otherwise being

fully advised in the premises, it is hereby:

**ORDERED** and **ADJUDGED** as follows:

1. It appearing the judgment has been satisfied of record, this Cause is DISMISSED + no further
2. proceedings will be taken

**DONE** and **ORDERED** in Chambers this 15 day of _October_, 2015

in Miami-Dade County, Florida.

THE HONORABLE PETER LOPEZ
CIRCUIT COURT JUDGE

Copies furnished to:
Mark D. Cohen, Esq.
Juan Ramirez, Esq.

# EXHIBIT 7

Third District Court of Appeal

Opinion and Mandate

# M A N D A T E

### from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## THIRD DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Frank A. Shepherd, Chief Judge of the District Court of Appeal of the State of Florida, Third District, and seal of the said Court at Miami, Florida on this day.

| | |
|---|---|
| **DATE:** | November 25, 2014 |
| **CASE NO.:** | **13-0684** |
| **COUNTY OF ORIGIN:** | **Dade** |
| **T.C. CASE NO.:** | **11-42770** |

**STYLE:    NLG, LLC, etc.,          v.    ELIZABETH HAZAN,**



**ORIGINAL TO:**    Miami-Dade Clerk

cc:  Mark D. Cohen          Allan S. Reiss          Megan K. Wells

la

k 29406 Pg 558 CFN 20140815112 11/26/2014 08:37:24 Pg 1 of 6 Mia-Dade Cty, FL

# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

---

No. 3D13-684
Lower Tribunal No. 11-42770

---

## NLG, LLC,
Appellant

vs.

## Elizabeth Hazan,
Appellee

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Megan K. Wells (Miramar), for appellant.

Levine & Partners and Allan S. Reiss; Mark D. Cohen (Hollywood), for appellee.

Before SUAREZ, SALTER and LOGUE, JJ.

SALTER, J.

A mortgage lender, NLG, LLC (NLG), appeals a final judgment for the mortgagor, Elizabeth Hazan.  Finding no basis in the pleadings or applicable law

k 29406 Pg 559 CFN 20140815112 11/26/2014 08:37:24 Pg 2 of 6 Mia-Dade Cty, FL

for the positions advanced by the borrower, we reverse and remand for further proceedings.

### Facts and Procedural Background

It is undisputed that NLG sold a home on Fisher Island to Ms. Hazan in 2007 for $5,100,000.00, receiving a purchase money note and mortgage on the residence from Ms. Hazan for $1,275,000.00 of that amount. The note and mortgage required an instalment payment of $300,000.00 one month after the sale, and the note was to mature six months after the sale.

When the required payments were not forthcoming, NLG filed a lawsuit for the collection of the promissory note in the Miami-Dade circuit court. A settlement agreement was entered into, but required payments again were not made. In April 2008, and in accordance with the settlement agreement, a default final judgment on the promissory note was entered against Ms. Hazan and in favor of NLG for $1,618,071.29, plus post-judgment interest. That judgment was recorded on May 2, 2008. The final judgment was affirmed by this Court. Hazan v. NLG, LLC, 995 So. 2d 504 (Fla. 3d DCA 2008). Ms. Hazan then obtained new counsel and moved to vacate the judgment on the promissory note. The motion was denied and Ms. Hazan's further appeal was dismissed by this Court. Hazan v. NLG, LLC, 19 So. 3d 319 (Fla. 3d DCA 2009).

2

k 29406 Pg 560 CFN 20140815112 11/26/2014 08:37:24 Pg 3 of 6 Mia-Dade Cty, FL

NLG sought and obtained a sheriff's deed to the Fisher Island property by enforcing its judgment. Ms. Hazan moved to vacate that deed, however, on the grounds that the property was her homestead. The then-assigned circuit judge entered an order in December 2008 "quieting title," although Ms. Hazan's motion and the record establish that the order merely extinguished the sheriff's deed. Later, and in this appeal as well, Ms. Hazan argued that the quiet title order also extinguished the lien of NLG's mortgage.

The parties nevertheless entered into a second settlement agreement, and Ms. Hazan made three of the specified payments before defaulting again in February 2009. After additional settlement negotiations were unavailing, NLG filed a complaint to foreclose its mortgage on the Fisher Island home in 2011. In 2012, NLG amended its complaint to add as a defendant the holder of a recorded junior mortgage for $2,000,000.00. NLG alleges that this mortgage was given by Ms. Hazan to a sham Florida limited liability company established by her mother.

The foreclosure case proceeded to non-jury trial, and the trial court entered a final judgment in favor of Ms. Hazan, incorporating the transcript of his post-trial ruling (January 2, 2013) into the final judgment "as though set forth herein." This appeal followed.

Analysis

3

k 29406 Pg 561 CFN 20140815112 11/26/2014 08:37:24 Pg 4 of 6 Mia-Dade Cty, FL

A review of Ms. Hazan's pleadings, applicable law, and the transcript of the trial court's January 2, 2013, hearing, discloses no basis for denying foreclosure to NLG. Default in payment was undisputed (conceded in writing, as it was, in the various settlement agreements, which also included waivers of any defenses). The two arguments advanced by Ms. Hazan's counsel were flawed.

First, NLG's prior suit on the promissory note and recordation of a judgment on the note was not an election of remedies precluding the later enforcement of the mortgage. Junction Bit & Tool Co. v. Village Apartments, Inc., 262 So. 2d 659 (Fla. 1972) (unsatisfied judgment on a promissory note secured by mortgage did not constitute a remedy or a bar to a suit to foreclose the mortgage). See also Royal Palm Corporate Ctr. Ass'n, Ltd. v. PNC Bank, NA, 89 So. 3d 923 (Fla. 4th DCA 2012).

As to the second argument advanced by Ms. Hazan's counsel, the December 2008 order "quieting title" did not extinguish the mortgage or its lien. That order quieted title in Ms. Hazan only to the extent it vacated the sheriff's deed obtained by NLG and disentitled anyone in possession (other than Ms. Hazan) to remain in possession. Neither the motion nor the order support the extinguishment of an unpaid purchase money lien on the home (now exceeding $2,000,000.00), a lien senior to the junior mortgage granted by Ms. Hazan as these proceedings unfolded. Because there is no legal basis for such relief in Ms. Hazan's pleadings, the trial

4

k 29406 Pg 562 CFN 20140815112 11/26/2014 08:37:24 Pg 5 of 6 Mia-Dade Cty, FL

court's final judgment must be reversed. <u>BAC Home Loans Servicing, Inc. v.</u> <u>Headley</u>, 130 So. 3d 703, 705 (Fla. 3d DCA 2013); <u>Mullne v. Sea-Tech Constr.</u> <u>Inc.</u>, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012).

Regarding Ms. Hazan's affirmative defenses to the effect that NLG and its representative at trial lacked standing because of an internal dispute among the members, the trial court explicitly stated in the January 2, 2013, transcript (incorporated by the final judgment) that NLG did have standing and that its representative (Mr. Kosachuk) was a proper representative of NLG.

Accordingly, we reverse the final judgment and remand the case for further proceedings, including the enforcement of NLG's mortgage and the reinstatement of the lis pendens and amended lis pendens previously vacated by the final judgment.

Reversed and remanded.

5

k 29406 Pg 563 CFN 20140815112 11/26/2014 08:37:24 Pg 6 of 6 Mia-Dade Cty, FL