# EXHIBIT 8

Order Granting Foreclosure and

Final Judgment of Foreclosure

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-42770-CA 02

NLG, LLC,

      Plaintiff,

v.

ELIZABETH HAZAN; an individual;
UNKNOWN SPOUSE OF ELIZABETH HAZAN;
an individual; 6913 VALENCIA, LLC,
a Florida Limited Liability Corporation;
J.P. MORGAN CHASE BANK, N.A.;
a foreign Corporation, FISHER ISLAND
COMMUNITY ASSOCIATION, INC.; a Florida
Non Profit Corporation; VALENCIA ESTATES
HOMEOWNERS ASSOCIATION, INC., a Florida
Non Profit Corporation; and JOHN DOE and
JANE DOE, individually, as unknown Tenants
in possession of the Subject Property

      Defendants

_____/

## ORDER GRANTING FORECLOSURE

THIS ACTION came before the Court on October 14, 2015, on Plaintiff's Second Amended Motion for Judgment of Foreclosure and pursuant to the Florida Rules of Civil Procedure and the opinion of the Third District Court of Appeal, the Court hereby FINDS, ORDERS AND ADJUDGES as follows:

The history of the litigation between the parties was set out in detail when the matter went up on appeal to the Third District. The facts and procedural history recited in the opinion constitute the law of the case. In its opinion, the Third District stated as follows:

**Facts and Procedural Background**

It is undisputed that NLG sold a home on Fisher Island to Ms. Hazan in 2007 for $5,100,000.00, receiving a purchase money note and mortgage on the residence from Ms. Hazan for $1,275,000.00 of that amount. The note and mortgage required an instalment payment of $300,000.00 one month after the sale, and the note was to mature six months after the sale.

When the required payments were not forthcoming, NLG filed a lawsuit for the collection of the promissory note in the Miami-Dade circuit court. A settlement agreement was entered into, but required payments again were not made. In April 2008, and in accordance with the settlement agreement, a default final judgment on the promissory note was entered against Ms. Hazan and in favor of NLG for $1,618,071.29, plus post-judgment interest. That judgment was recorded on May 2, 2008. The final judgment was affirmed by this Court. *Hazan v. NLG, LLC*, 995 So. 2d 504 (Fla. 3d DCA 2008). Ms. Hazan then obtained new counsel and moved to vacate the judgment on the promissory note. The motion was denied and Ms. Hazan's further appeal was dismissed by this Court. *Hazan v. NLG, LLC*, 19 So. 3d 319 (Fla. 3d DCA 2009).

NLG sought and obtained a sheriff's deed to the Fisher Island property by enforcing its judgment. Ms. Hazan moved to vacate that deed, however, on the grounds that the property was her homestead. The then-assigned circuit judge entered an order in December 2008 "quieting title," although Ms. Hazan's motion and the record establish that the order merely extinguished the sheriff's deed. Later, and in this appeal as well, Ms. Hazan argued that the quiet title order also extinguished the lien of NLG's mortgage.

The parties nevertheless entered into a second settlement agreement, and Ms. Hazan made three of the specified payments before defaulting again in February 2009. After additional settlement negotiations were unavailing, NLG filed a complaint to foreclose its mortgage on the Fisher Island home in 2011. In 2012, NLG amended its complaint to add as a defendant the holder of a recorded junior mortgage for $2,000,000.00. NLG alleges that this mortgage was given by Ms. Hazan to a sham Florida limited liability company established by her mother.

The foreclosure case proceeded to non-jury trial, and the trial court entered a final judgment in favor of Ms. Hazan, incorporating the transcript of his post-trial ruling (January 2, 2013) into the final judgment "as though set forth herein." This appeal followed.

*NLG, LLC v. Hazan*, 151 So. 3d 455, 455-456 (Fla. 3d DCA 2014)

The Third District issued its mandate on November 25, 2014.

### Status of the Pleadings After Mandate

Since the mandate issued, Defendant Hazan has been trying to reopen the case to amend her answer and affirmative defenses, starting on December 2, 2014, with the filing by a non-party, Sean Neil Meehan, Hazan's husband, of a Satisfaction of Mortgage. NLG filed it Motion for Entry of Judgment of Foreclosure on January 6, 2015. On January 12, 2015, Attorney Ray Garcia entered an appearance for Hazan, and proceeded to file eleven Notices of Filing. He followed this with a 65-page Verified Motion to Dismiss and a 64-page Verified Memorandum in Opposition to Plaintiff Motion for Entry of Final Judgment. On March 3, 2015, this Court denied Hazan's Motion to Dismiss.

Mr. Garcia then filed a 21-page Motion to Take Judicial Notice of Court Orders, a 64-page Motion for Summary Judgment, followed by 17 Notices of Filing. On April 8, 2015, Mr. Garcia filed Hazan's Motion for Leave to File Amended Answer, seeking to raise seventeen (17) affirmative defenses.

On May 1, 2015, this Court denied Hazan's Motion to Amend. Thus, as the pleadings stand, there is no legal reason to deny NLG a judgment pursuant to the mandate of the Third District. In fact, it would be error to do otherwise. *See Bank of Am., N.A. v. Lukas*, 166 So. 3d 965, 966 (Fla. 4th DCA 2015), citing *Feltus v. U.S. Bank Nat'l Ass'n*, 80 So. 3d 375, 376 (Fla. 2d DCA 2012) ("A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings.").

At that same hearing on May 1, 2015, Attorney Mark Cohen appeared and argued to the Court on behalf of Selective Advisors Group, LLC, even though that entity had never moved to intervene. Although Mr. Cohen represented to this Court that he did not know what the relationship was between Hazan and Selective Advisors, it is undisputed that the sole Managing Member of Selective Advisors, Sean Neil Meehan, is Hazan's husband. After this Court denied Hazan's motion to amend, Selective still did not move to intervene. It was not until October 7, 2015, that Selective Advisors first moved to intervene. A comparison of the Motion to Intervene with Hazan's Proposed Answer and Affirmative Defenses reveals that the Motion is trying to inject the very same issues and arguments that this Court ruled could not be presented by Hazan. Nothing happened after May 1, 2015, that would change Selective's alleged rights to intervene, other than the fact that they filed a Satisfaction of Judgment of the New York Judgment by Confession discussed below. The motion may be rejected as a matter of law.

### *Intervention*

Under Florida Rule of Civil Procedure 1.230, a motion to intervene may be granted to "[a]nyone claiming an interest in pending litigation." Selective Advisors' motion fails to set forth what interest it is claiming in the pending litigation. The ability to intervene is a permissive right granted in the trial court's discretion. *De Sousa v. JP Morgan Chase, N.A.*, 170 So. 3d 928, 929 (Fla. 4th DCA 2015); *Andresix Corp. v. Peoples Downtown Nat'l Bank*, 419 So. 2d 1107, 1107 (Fla. 3d DCA 1982) ("We affirm the trial court's order denying the motion to intervene filed by Andresix Corporation upon a holding that Andresix, as a purchaser of

property which was then the subject of a mortgage foreclosure action and accompanying lis pendens by Peoples Downtown National Bank, was not entitled to intervene in such action.").

The Florida Supreme Court long ago explained the requirements for intervention. In *Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505 (Fla. 1992), the Court stated that "[t]he test to determine what interest entitles a party to intervene is set forth in *Morgareidge v. Howey*, 75 Fla. 234, 238-39, 78 So. 14, 15 (1918):

> [T]he interest which will entitle a person to intervene . . . must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation."

Carlisle, 593 So. 2d at 507.

A careful review of the motion to intervene does not disclose that Selective has any interest in the litigation. The Wherefore Clause merely requests intervention. But if Selective is trying to collect on the Judgment by Confession, it is undisputed that the judgment has been satisfied. Selective's efforts to intervene are a transparent attempt by Hazan's husband, not to assert its rights, but to obstruct the foreclosure of his wife's property. To allow intervention by Selective would be an abuse of the intervention rule.

Furthermore, intervention would not achieve such an obstruction. As the Third District recently stated in *State v. Fla. Workers' Advocates*, 167 So. 3d 500 (Fla. 3d DCA 2015), even if Selective were allowed to intervene, they would take "the procedural posture of the case as it stood when they were allowed to intervene." *Id.* at 505, *citing Omni Nat'l Bank v. Ga. Banking Co.*, 951 So. 2d 1006 (Fla. 3d DCA 2007). Its intervention would be in "subordination to the then-existing claims in the lawsuit." The court then quotes from *Envtl. Confed'n of Sw. Fla. Inc.*

v. *IMC Phosphates, Inc.*, 857 So. 2d 207, 211 (Fla. 1st DCA 2003): "Intervention is a dependent remedy in the sense **that an intervenor may not inject a new issue into the case**. . . . Furthermore, the rights of an intervenor are conditional in that they exist only so long as the litigation continues between the parties..." *Fla. Workers' Advocates*, 167 So. 3d at 505. (emphasis added).

Moreover, courts are very reluctant to grant intervention after a final judgment has been entered. The narrow exception to the rule prohibiting post-judgment intervention arises when the interests of justice so require. *De Sousa*, 170 So. 3d at 930, citing *Wags Transp. Sys., Inc. v. City of Miami Beach*, 88 So. 2d 751, 752 (Fla. 1956). In *De Sousa*, the court stated that the case did not align with the circumstances in *Wags* to meet the narrow exception to the general rule prohibiting post-judgment intervention, in part because *Wags* involved the subject matter of zoning, not foreclosure. *Id*.

### Substitution

The motion to intervene also requests to substitute the party plaintiff based on an alleged judicial assignment of a judgment in Case No. 07-19532 that dates back to a non-final order entered by Judge Peter Lopez (the "Lopez Order") on August 20, 2014. As will be discussed later, that judgment was judicially assigned while its enforceability was pending in an appeal of this case. It is significant that Selective waited over a year since the opinion of the Third District was announced to claim that NLG's interest in the litigation had been transferred and it was entitled to be substituted under Florida Rule of Civil Procedure 1.260(c).

This effort suffers from the same infirmity as Selective's efforts to intervene, as it is undisputed that there is no outstanding judgment against NLG. Nothing prevented Selective

from filing its motion after August 20, 2014, other than Mr. Meehan hoping that his wife would prevail in the pending appeal. The only new developments since August 20, 2014, are (1) the opinion reversing this case and the subsequent mandate, and (2) the Consent Judgment from the New York State Court that was domesticated in Miami-Dade County under Case No. 14-10475, which has been dismissed as the underlying judgment has been satisfied.

### Selective Advisors' Arguments

Even though Selective Advisors should be denied leave to intervene as a matter of law, this Court will discuss the arguments raised by it. In a nutshell, Selective's motion seeks to argue that this action cannot proceed because NLG has lost all its rights against Hazan.

First, the motion seeks to have Selective substituted as party plaintiff, based on the Lopez Order" in Case No. 14-10475. Selective argues that this order allows it to stand in the shoes of NLG ostensibly to collect on a New York Judgment by Confession that had been domesticated in that case. However, on October 1, 2015, the case was dismissed by Judge Lopez, stating: "It appearing the judgment has been satisfied of record, this cause is dismissed & no further proceeding will be taken." Because it is undisputed that the underlying judgment has been satisfied and the Florida case domesticating that judgment has been dismissed, Selective's right to stand in the shoes of NLG have been likewise extinguished.

Next Selective argues that a judgment entered in Case No. 07-19532 CA 11 was assigned to it in the Lopez Order. NLG had obtained a Default Final Judgment on April 28, 2008, in the amount of $1,618,071.29, against Hazan ("Default Judgment"). In the foreclosure action filed on December 21, 2011—long before the 2014 Judge Lopez domestication action—NLG sought to foreclose on the money due under the Default Judgment in both the initial complaint and the

amended complaint. In Paragraph 10 of the Amended Complaint that was tried on December

26 and 27, 2012, NLG pleaded the Default Judgment. In her Answer, Hazan's second and third

affirmative defenses asserted that the Default Judgment was not owned by NLG. The sixth

affirmative defense alleged that NLG improperly split its causes of action by obtaining a Default

Judgment on the promissory note without pursuing a foreclosure at that time. The seventh

affirmative defense was that NLG was forum shopping by filing a new action instead of

proceeding under the same case in which it had obtained the Default Judgment. The eighth

affirmative defense was that after obtaining the Default Judgment, NLG entered into a

settlement agreement with Hazan that did not reserve the right to foreclose and now its only

remedy was under the Default Judgment. The ninth affirmative defense was that NLG was

limited to enforcing the Default Judgment in the division in which it was obtained.

The case went to trial on December 26 and 27, 2012, at the end of which Judge Eig

entered judgment in favor of Hazan by way of a "Final Judgment for Defendant Elizabeth

Hazan" dated February 8, 2013. That was the judgment which was appealed to the Third

District. The District Court heard oral argument on July 14, 2014, and issued its opinion

reversing the final judgment on September 3, 2014. It subsequently issued its mandate on

November 25, 2014.

As can be seen from this chronology, at the time of the entry of the Lopez Order, there

was no Default Judgment that could have been assigned, as that judgment had been subsumed

into the final judgment in favor of Hazan. *See Geico Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 808

(Fla. 4th DCA 2014) (stating that the final judgment subsumed an earlier order).

Even if the Default Judgment survived the Final Judgment in favor of Hazan, the issue of its enforceability was an integral part of the litigation and trial in this case, not a collateral matter. In fact, in its Answer Brief to the Third District, it was Hazan's first argument—that the trial court correctly found that NLG was limited to the remedy of its existing money judgment because of the doctrine of election of remedies. Clearly the enforceability of the Default Judgment was the central issue before the Third District after the filing of the Notice of Appeal on March 11, 2013. In fact, in its Analysis, this is the first issue discussed in the district court opinion: "First, NLG's prior suit on the promissory note and recordation of a judgment on the note was not an election of remedies precluding the later enforcement of the mortgage." *NLG, LLC v. Hazan*, 151 So. 3d 455, 456 (Fla. 3d DCA 2014).

It is well established that while an appeal is pending, the lower court may not enter orders that will deprive the appellate court of jurisdiction. During the appeal, the lower court's jurisdiction is limited to enforcing the judgment. *See Wassman v. Travelers Cas. & Sur. Co.*, 797 So. 2d 626, 631 (Fla. 5th DCA 2001) ("It is also clear that 'when a case has merged into a final judgment and an appeal has been perfected therefrom . . . jurisdiction in the trial court terminates, except as to enforcement of the judgment.'"), *citing State ex rel. American Home Ins. Co. v. Seay*, 355 So. 2d 822, 824 (Fla. 4th DCA 1978). *See also Waltham A. Condominium Asso. v. Village Management, Inc.*, 330 So. 2d 227, 229 (Fla. 4th DCA 1976) (stating that "the trial court is without power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of the appellate court."); *see also State ex rel. Schwartz v. Lantz*, 440 So. 2d 446, 448-449 (Fla. 3d DCA 1983) (stating that "Since *Waltham*, every district court in this state has, at least once, vacated a trial court order because

it altered a judgment on appeal.") (citing numerous cases). *And see Fulton v. Poston Bridge & Iron, Inc.,* 122 So. 2d 240, 242 (Fla. 3d DCA 1960) (quoting from Corpus Juris Secundum that "the lower court has no jurisdiction, pending an appeal by amendment of the record or proceedings or otherwise, to change the status of the case or to interfere with the rights of parties under the judgment or order."); *Fritz v. Sroczyk*, 202 So. 2d 796, 798 (Fla. 1st DCA 1967) ("Upon the filing of the notice of appeal the trial court lost jurisdiction to take any further action...").

It is axiomatic that this Court in whose division the foreclosure action had been filed since 2011, had no jurisdiction to judicially assign the Default Judgment during the appeal, as the validity and enforceability of the judgment was pending before the Third District. Thus, while the foreclosure suit was pending before the Third District, the only proper remedy for Selective to pursue would have been to seek leave from the appellate court to relinquish jurisdiction for the purpose of judicially assigning the judgment. Selective chose not to elect that remedy.

### The "New York Judgment by Confession"

The foreclosure action in this case was tried by Judge Eig on December 26 and 27, 2012. None of the nine affirmative defenses mentioned the New York Judgment by Confession. Hazan made a strategic decision not to try this issue.

It was not until April, 2014, that Quebec, Selective and Hazan started their efforts to enforce the aforementioned Consent Judgment from the New York State Court that was domesticated in Miami-Dade County under Case No. 14-10475. It is undisputed that that the Domesticated New York Judgment has been dismissed as the underlying judgment has been

satisfied.   On April 4, 2014, Selective Advisors Group LLC was incorporated in Delaware. Quebec filed the New York Judgment by Confession in Miami-Dade County on April 21, 2014. Shortly thereafter, on April 30, 2014, Quebec assigned the judgment to Selective.

On July 14, 2014, the Third District held oral argument where the issue of whether the mortgage was wiped out by NLG obtaining its Default Judgment entered on April 28, 2008, played a prominent part.  Instead of moving the Third District to relinquish jurisdiction to assert the New York Judgment by Confession, or seeking to intervene in the foreclosure case, which was the older case in this division, Selective instead obtained the domestication Order on August 20, 2014.

The docket sheet in the New York Judgment by Confession case shows that NLG had already moved to vacate the judgment and had a hearing scheduled for August 6, 2014.  The matter was adjourned to September 29, 2014; November 10, 2014; December 1, 2014; January 12, 2015; March 16, 2015; and to May 18, 2015.  This court had repeatedly stayed ruling on this matter in order to allow the parties a chance to argue the Motion to Vacate the Judgment before the New York Court.  On this last court setting, Selective, the judgment **creditor**, filed a bankruptcy petition two hours before the scheduled time, in the U.S. Bankruptcy Court for the Eastern District of New York, apparently using the bankruptcy stay to avoid the vacatur hearing before the New York State Court Judge on the Judgment by Confession.  The bankruptcy petition was signed by the manager of Selective, Sean N. Meehan (Ms. Hazan's husband).  The Court appointed Marc Pergament as Trustee for the Estate.

On July 1, 2015, the Trustee conducted an examination under oath of Mr. Meehan.[1] The sole creditor listed was Selective's prior attorney, Joseph Nierman, who was alleged to be owed $3,500. The sole asset was the Judgment by Confession, premised on an Affidavit signed by Raymond Houle who claimed to be president of Quebec while simultaneously acting as manager of NLG. "The Affidavit of Confession did not provide any additional information to substantiate the basis for the Judgment." (Affirmation, Par. 9). Mr. Meehan was placed under oath and he testified "that he had no knowledge of the underlying basis for the Judgment and that he claimed that no money was paid to Quebec for the Assignment of the Judgment, except there was an unspecified "deal' whereby [Selective] would pay a certain amount to the Assignor upon collection of the Judgment." (Affirmation, Par. 10).

Mr. Meehan also testified about the pending foreclosure of 6913 Valencia Drive, Fisher Island, Florida, which is also his residence. He disclosed that title is held by his wife, Elizabeth Hazan. The Trustee then stated in Paragraph 17: "As Mr. Meehan's testimony was not plausible with respect to the entry of the Order and Judgment [signed by Judge Jean K. FitzSimon in the Pennsylvania bankruptcy] nor with respect to the underlying Judgment [the Judgment by Confession], I believe that dismissal of this case with prejudice is appropriate..." The Trustee also found the excuse for the filing of the bankruptcy – the claim of Mr. Nierman for fees – to be "suspicious." (Affirmation, Par. 19).

In its motion to intervene, Selective states in Par. 27: "With respect to New York, NLG has failed to re-file or restore its motion to vacate Selective's Judgment, after Selective's

---

[1] The Trustee submitted an Affirmation in Support of a dismissal with prejudice in Case No. 815-72153-A736 which was the subject of a motion by NLG to take judicial notice and Hazan having filed no objection, the motion is hereby granted and the Affirmation is attached as Exhibit "A."

bankruptcy was dismissed on August 28, 2015, even though two months have elapsed from that date." What Selective leaves out is that NLG did indeed attempt to schedule once again on September 3, 2015, its motion to vacate the Judgment by Confession by way of letter to the presiding judge. This prompted a letter dated September 4, 2015, to the presiding judge from Selective's New York lawyer, James F. Vlahadamis. The letter stated that plaintiff had accepted payment in full satisfaction of the judgment, making it "unsuitable for this Court to entertain any application of NLG, LLC (such as one filed by letter on September 3, 2015) seeking to restore the motion to vacate the judgment as there currently exists no judgment to vacate and the matter remains moot."[2] At the hearing on NLG's motion for entry of a judgment based on the mandate of the Third District, Selective offered no explanation as to why it took from August 20, 2014, to September 4, 2015, for the judgment to be satisfied.

The New York Judgment by Confession may have been entitled to full faith and credit while it was an outstanding judgment. The judgment, however, has been satisfied. There is no judgment entitled to deference by the courts of Florida.

But even if the judgment was still outstanding, the U.S. Supreme Court has stated that "[a] judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). As the Trustee stated after conducting an examination under oath of Mr. Meehan, the Judgment by Confession was entered with Mr. Houle acting for both the plaintiff and the defendant. The records submitted by Selective in its motion to intervene shows that NLG received no notice or opportunity to be heard because

---

[2] The letter is attached as Exhibit "B."

Houle was acting for both Quebec and NLG.  Without notice, a foreign court lacks personal jurisdiction, and the "foreign judgment need not be recognized." *Williams v. Cadlerock Joint Venture, L.P.*, 980 So. 2d 1241, 1243 (Fla. 4th DCA 2008).

By continuously postponing the hearing on NLG's motion to vacate before the New York court, NLG has never had a full and fair opportunity to litigate the issue of personal jurisdiction in the foreign court.  *See Whipple v. JSZ Fin. Co., Inc.*, 885 So. 2d 933, 936 (Fla. 4th DCA 2004); Williams, 980 So. 2d at 1243; see also Stoll v. Gottlieb, 305 U.S. 165, 172-73, 59 S. Ct. 134, 83 L. Ed. 104 (1938) ("After a party has his day in court, with opportunity to present his evidence and his view of the law" as to jurisdiction, "a former judgment in a state court is conclusive" and not subject to collateral attack).

If a defendant has not had "the opportunity to contest jurisdiction, he may raise the issue subsequently in a proceeding brought to enforce the judgment." *Williams*, 980 So. 2d at 1243 (citation omitted). *See also Riskin v. Miklos*, 569 So. 2d 940, 941 (Fla. 3d DCA 1990) ("[W]here the jurisdictional issue is not fairly litigated in the initial court, the defendants are free to raise the question de novo in the jurisdiction in which enforcement of the judgment is attempted.").

**Conclusion**

For the foregoing reasons, the Second Amended Motion for Judgment of Foreclosure is hereby GRANTED. The Court will hereafter enter a Final Judgment of Foreclosure upon the presentation of updated affidavits.

ORDERED at Miami, Miami-Dade County, Florida, on this 1st day of December, 2015.

_____
Circuit Court Judge

Judgment Prepared by:
Plaintiff's Counsel:
Juan Ramirez, Jr
Diaz, Reus & Targ, LLP
100 SE 2nd Street, Suite 3400
Miami, Florida 33131

MONICA GORDO
CIRCUIT COURT JUDGE

Copies Furnished to:

Roger Slade, Esq.
Jonathan S. Goldstein, Esq.
Matthew David Glachman, Esq.
Mark Cohen, Esq.
Daniel A. Milian, Esq.
Bruce Jacobs, Esq.

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                          Chapter 7

Selective Advisors Group LLC,                   Case No. 815-72153-A736

        Debtor.                               Affirmation in Support

------------------------------------------------------------X

      Marc A. Pergament, duly affirms under the penalties of perjury as follows:

      1.      I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

      2.      I am also the Trustee of this Estate and am familiar with the facts and circumstances set forth herein.

      3.      This Affirmation is submitted in support of my request that the Court scheduling a hearing on shortened notice: (a) approving the dismissal of this bankruptcy case with prejudice; (b) authorizing the Debtor to pay Weinberg, Gross & Pergament LLP the sum of $6,500.00 for services rendered; and (c) such other and further relief that this Court deems just and proper.

      4.      On May 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The initial bankruptcy filing was a bare bones petition filed by the Debtor. The manager who signed the petition was Sean N. Meehan. Mr. Meehan failed to appear at the § 341(a) meeting scheduled for June 24, 2015. The Debtor's counsel appeared on that date and requested an adjournment of the 341(a) meeting.

5.       I directed the Debtor to file all necessary schedules and a Statement of Financial Affairs by June 30, 2015 and appear for an examination pursuant to § 341(a) on July 1, 2015. A further request for an adjournment of the § 341(a) meeting was declined.

6.       On July 1, 2015, Mr. Meehan appeared for an examination with Debtor's counsel after the Debtor had filed the schedules and Statement of Financial Affairs, which were filed on June 30, 2015.

7.       My review of the file, schedules and documents that had been previously provided to me indicated that there are many facts that questioned the good faith filing by the Debtor in this Chapter 7 case.

8.       Specifically, the schedules revealed that the sole creditor of the Debtor was its former attorney, Joseph Nierman, and he was alleged to be owed the sum of $3,500.00. The Debtor's Schedule F indicated that it was a disputed claim.

9.       The Debtor's counsel disclosed that the Debtor was formed in August 2014 and its sole asset was a Judgment that it held by way of Affidavit of Confession of Judgment against NLG LLC in the sum of $5,000,000.00, plus interest. The Judgment, however, was based on an Assignment by 9197-5904 Quebec Inc. to the Debtor of a Judgment that it had obtained against NLG LLC, which had been filed in the New York County Clerk's office on February 22, 2012. A copy of the Assignment of Judgment is annexed hereto as Exhibit "A." However, that Judgment was premised on an Affidavit signed by Raymond Houle who claimed to be the president of 9197-5904 Quebec, Inc., and was also the manager of NLG LLC. The Affidavit of Confession did not provide any additional information to substantiate the basis for the Judgment. A copy of the Affidavit of Confession of Judgment of NLG LLC and Affidavit of Raymond Houle is annexed hereto as Exhibit "B."

2

10.    After applying the oath, I questioned Mr. Meehan at his § 341(a) meeting concerning the Judgment and he advised me that he had no knowledge as to the underlying basis for the Judgment and that he claimed that no money was paid by the Debtor to 9197-5904 Quebec, Inc. for the Assignment of the Judgment, except that there was an unspecified "deal" whereby the Debtor would pay a certain amount to the Assignor upon collection of the Judgment.

11.    As I questioned Mr. Meehan in depth at the § 341(a) meeting, it became apparent that the Judgment was the subject of a contentious dispute with NLG LLC. I reviewed certain public records and certain information which indicated that there is a pending foreclosure lawsuit in the State of Florida with respect to the real property known as 6913 Valencia Drive, Miami, Florida ("Miami Residence") and the Miami Residence was also Mr. Meehan's residence. Mr. Meehan disclosed that title to the Miami Residence was held by his wife, Elizabeth Hazan, and that she was in a dispute with NLG LLC concerning foreclosure of the Miami Residence.

12.    Mr. Meehan testified that he filed bankruptcy in the United States Bankruptcy Court for the Eastern District of New York because the place of business of this Debtor was 103 West Tano Road, Hampton Bays, New York ("Hampton Bays Residence"), which is the residence of Mr. Meehan's parents and he claims that he sometimes spends the summers at the Hampton Bays Residence, although he does not presently reside there.

13.    Thus, there is a question as to the validity of the venue selected by Mr. Meehan for this bankruptcy case.

14.    I was in communication with NLG LLC's counsel and he provided me with substantial information and documents, including documentation indicating that the United

3

States Bankruptcy Court for the Eastern District of Pennsylvania had previously determined that an involuntary bankruptcy proceeding that had been filed against Christopher Kosachuk was a bad faith filing and that Court determined that an award of monetary sanctions of $190,173.71 in favor of Mr. Kosachuk and against 9197-5904 Quebec, Inc. was warranted. A copy of that Order and Judgment of the Honorable Jean K. FitzSimon is annexed hereto as Exhibit "C."

15. Judge FitzSimon's Judgment also awarded sanctions against 9197-5904 Quebec, Inc. in the sum of $960,968.55.

16. The dispute with respect to the Judgment is evident.

17. As Mr. Meehan's testimony was not plausible with respect to the entry of the Order and Judgment nor with respect to the underlying Judgment, I believe that dismissal of this case with prejudice is appropriate so the Debtor and NLG LLC can continue their litigation in other forums.

18. NLG LLC had moved by order to show cause to vacate the Judgment that had been filed by 9197-5904 Quebec, Inc. and the bankruptcy was filed a couple of hours before the hearing to be heard by the Supreme Court of the State of New York, County of New York, on May 18, 2015 for the vacating of the Judgment as NLG LLC had not learned of that Judgment until 2015.

19. I inquired of Mr. Meehan as to the claim of Mr. Nierman and he explained that there was a dispute as to the amount owed and that reason for the bankruptcy filing was that Mr. Nierman was refusing to turnover his litigation file concerning the dispute with NLG LLC. I found that claim to be suspicious as the Debtor already had obtained an Assignment of Judgment of 9197-5904 Quebec, Inc. against NLG LLC and thus, the litigation file was of no import. Mr. Meehan was unable to provide any explanation.

20. For these reasons, I negotiated a resolution whereby this case is dismissed with prejudice and my firm is paid for services rendered. A copy of the Stipulation is annexed hereto as Exhibit "D."

21. I have requested a hearing on shortened notice as the Debtor would be benefited by a lengthy delay.

22. It is also requested that this Court waive the requirement of the filing of a memorandum of law as no novel issue of law is present with respect to the issues herein.

23. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's motion in its entirety and such other and further relief that this Court deems just and proper.

Dated:  Garden City, New York
         August 6, 2015

                                        Marc A. Pergament

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 101875/2012

-------------------------------------------------------------------x

9197-5904 QUEBEC INC
  Plaintiff,

                    -against-

NLG LLC

                            Defendant.

-------------------------------------------------------------------

## ASSIGNMENT OF JUDGMENT

This indenture made the 30th day of April 2014, between 9197-5904 Quebec Inc a Canadian Corporation located at 5552 Queen Mary Road Suite #4, City of Hampstead, State of Quebec, Canada H3X 1V9 party of the first part, and Selective Advisors Group, LLC, located at 16192 Coastal Highway Lewes. Delaware 19958 County of Sussex, party of the second part,

WHEREAS, on the 22nd day of February,2012 a judgment was entered in the Supreme Court, County of NY, in favor of 9197-5904 Quebec Inc , and against NLG LLC, a Delaware Limited Liability Company located at 854 Pheasant Run Road, West Chester, PA in the sum of  $5,000,000.00 plus interest from February 22nd 2012 plus costs of $225.00, and said judgment was duly entered in the office of the Clerk of the County of New York State, NY on the 22nd day of February 2012.

NOW THIS INDENTURE WITNESSETH, that the said party of the first part, in consideration of $10 and other valuable consideration to them duly paid has sold, and by these presents does assign, transfer and set over, unto the said party of the second part, Selective Advisors Group, LLC, its executors, administrators, and assigns, the said judgment and all sum or sums of money that may be had or obtained by means thereof, or on any proceedings to be had thereupon.

Also, the said party of the first part does hereby constitute and appoint the said party of the second part, its executors, administrators, and assigns, their true and lawful attorney irrevocable, with power of substitution and revocation, for the use and at the proper costs and charges of the said party of the second part, to ask, demand, and receive, and to obtain executions, and take all lawful ways for the recovery of the money due or to become due on said judgment and on payment to acknowledge satisfaction, or to discharge the same; and attorneys one or more under them for the purpose aforesaid, to make and substitute, and at pleasure to revoke; hereby ratifying and confirming all that their said attorney or substitute shall lawfully do in the premises. Also, the said party of the first part does covenant, that that they will not collect or receive the full payment of the judgment, or any part thereof, nor release or discharge the said judgment but will allow all lawful proceedings therein to be taken by the said party of the second part, saving the said party of the fist part harmless of and from any costs in the premises.. This assignment is made without recourse to the party of the first part in any event whatsoever.

IN WITNESS WHEREOF, the party of the first part has hereunto set his hand and seal the day and year first above written.

On behalf of 9197-5904 QUEBEC INC :

*Raymond Houle*

RAYMOND HOULE, president

## ACKNOWLEGEMENT

State of ~~Province~~ Quebec

County of D'Arcy McGee

On the 3 day of June in the year 2014, before me, Raymond Houle, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

*Pierette Dardif*

Notary Public

*Raymond Houle*

Raymond Houle

## CERTIFICATE OF CONFORMITY

I, Pierrette Tardif, a duly licensed notary public in the Province of Quebec, Canada, affirm under penalty of perjury and certify that I witnessed the signature of Raymond Houle as applied to the document annexed to this certificate, which was signed and dated on June 3, 2014. The matter in which was signed was, and is, in accordance with, and conforms to, the laws for taking oaths at acknowledgments, in the Province of Quebec, Canada.

Dated: June 3/2014 *Pierette Dardif*

NOTARY PUBLIC
NAME:

PIERRETTE
TARDIF
# 198036

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Address of Plaintiff:
3765 Saint-Kevin, Ste 9
Montreal, Quebec H3T 1H8
Canada

9197-5904 Quebec, Inc.

                                        **Plaintiff,**

              against

NLG, LLC, a Delaware Limited Liability Company,

                                        **Defendant.**

Index No.:

**JUDGMENT BY**
**CONFESSION**

12101875

| | | |
|---|---|---|
| Amount Confessed | $5,000,000.00 | |
| Interest | $0.00 | $ 5,000,000.00 |
| Costs by Statute | $15.00 | |
| Transcript | | |
| Fees on Execution | | |
| Satisfaction | | |
| Filing Fee | $210.00 | $ 5,000,225.00 |

The undersigned, Attorney at Law of the State of New York, affirms that he is the

attorney of record for the Plaintiff herein and states that the disbursements specified are correct

and true and have been or will necessarily be made or incurred herein and are reasonable in

amount and affirms this statement to be true under the penalties of perjury.

Dated: February 16, 2012

**MARZEC LAW FIRM, PC**

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 225.00

FEB 2 2 2012

Norman Goodman
CLERK

Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

**FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

EXHIBIT A

Supreme Court Records OnLine Library - page 1 of 6

JUDGMENT entered the ___22nd___ day of _February_, 2012.

On the foregoing affidavit of Confession of Judgment made by the defendant herein,

sworn to the on the 16th day of February 2012,


**NOW, ON MOTION OF MARZEC LAW FIRM, PC**, attorney for plaintiff, it is


**ADJUDGED** that 9197-5904 Quebec, Inc. Plaintiff, with the address of 3765 Saint-

Kevin, Suite 9, Monteal, Quebec H3T 1H8, Canada, do recover of NLG, LLC, Defendant, with

the address of 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309, the sum

of $5,000,000.00 with interest of $0.00, making a total sum of $5,000,000.00 together with

$225.00 costs and disbursements, as taxed by the clerk    amounting in all to the sum of

$5,000,225.00 and that the plaintiff have execution therefor.


_Norman Goodman_
CLERK

FILED

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK


✱ Defendant's full name is:
NLG, LLC, a Delaware Limited
Liability Company

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 101875/12

_____

9197-5904 Quebec, Inc.,

                                    Plaintiff,

            against

NLG, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

                                    Defendant.
_____

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT**

**FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**          ss.:

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and

duly authorized agent of the defendant Limited Liability Company and is duly authorized to

make this Affidavit on behalf of the LLC defendant herein.

The defendant hereby confesses judgment herein and authorizes entry thereof against

defendant in the sum of $5,000,000.00.

Defendant's address is 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida

33309; Defendant authorizes entry of judgment in New York County, New York, if said

residence address is not in New York State.

This confession of judgment is for a debt justly due to the plaintiff arising from the

following facts: Fraud and Abuse of Process.

**This affidavit, if made in connection with an agreement for the purchase for**
**$1,500.00 or less of any commodities for any use other than a commercial or business use**
**upon any plan of deferred payments whereby the price or cost is payable in two or more**
**installments, was executed, subsequent to the time a default occurred in the payment of an**
**installment thereunder.**

Sworn to before me this

1__ day of _Febuary_, 2012

.......................................

9197-5904 Quebec, Inc. by Raymond Houle, Manager

MANAGER, NLG LLC

NOTARY PUBLIC

Darius A. Marzeo
Notary Public State of New York
No. 02MA61B6309
Qualified in Queens County
Commission Expires 04/28/2013

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 10 875/12

---

9197-5904 Quebec, Inc.,

                    Plaintiff,

      against

NLG, LLC,

                    Defendant.

**AFFIDAVIT OF
RAYMOND HOULE
REGARDING FACTS
SUPPORTING
JUDGMENT**

---

STATE OF NEW YORK

COUNTY OF NEW YORK     ss.:

     Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

     This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Defendant has consistently abused its legal position by filing frivolous litigation documents, affidavits, pleadings, and motions, in and without the state, misrepresenting the truth concerning key facts regarding the mode of operation, personnel, employees, corporate documents and status of defendant; Defendant has failed to abide by rules of court with respect to discovery, disclosures and subpoena power of the court and counsel, and has made litigation process difficult, wasteful, and expensive to adversary/ies. All actions of Defendant constitute abuse of process and fraud upon the court and parties involved, who were unduly damaged by such fraudulent conduct and abuse of process by Defendant. The conduct of Defendant was intentional and malicious and calculated to cause additional expense, delay and harassment to defendant's adversaries; such conduct was illegal, improper, unethical and unnecessary to the administration of justice and process in these matters, giving Plaintiff a cause of action.

RAYMOND HOULE

Sworn to before me on the 21 day of February, 20 12.

Notary Public

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

FILED

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Index No.

9197-5904 Quebec, Inc.,

                                    Plaintiff,

         against

NLG, LLC., A DELAWARE LIMITED LIABILITY
                   COMPANY,

                                    Defendant.

---

### JUDGMENT BY CONFESSION
### AFFIDAVIT OF JUDGMENT BY CONFESSION

---

### ATTORNEYS FOR PLAINTIFF
Marzec Law Firm, P.C.
Darius A. Marzec, Esq.
225 Broadway, Suite 3000
New York, NY 10007
212-267-0200

**FILED AND DOCKETED**
FEB 22 2012
AT 10:25 A M
N.Y., CO. CLK'S OFFICE

---

### CERTIFICATION

Pursuant to Section 130-1.1, the following documents are hereby certified:

By: Darius A. Marzec, Esq.
MARZEC LAW FIRM PC
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

DOCKETED BY

# EXHIBIT C

Case 8:15-cv-72153-reg  Doc 11-3  Filed 09/26/22  Entered 08/06/19 14:29:22
Case 22-50421-JKS  Doc 1-3  Filed 09/26/22  Page 34 of 53

Case 12-16438-jkf*SEALED*   Doc 211 *SEALED*   Filed 03/24/15   Entered 03/24/15
15:32:21   Desc Main Document   Page 1 of 2

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : DISMISSED CHAPTER 7 INVOLUNTARY |
| | : |
| | : CASE NO. 12-16438(JKF) *SEALED* |
| CHRISTOPHER   KOSACHUK,   a.k.a. | : |
| CHRIS KOSACHUK | : |
| | : |
| | : |

### ORDER AND FINAL JUDGMENT

Upon consideration of the Motion of Christopher Kosachuk to Declare this Involuntary Bankruptcy Petition a Bad Faith Filing, for Costs, Compensatory and Punitive Damages, to Seal the Records and Sanctions (the "Motion") with respect to 9197-5904 Quebec, Inc. and the arguments of counsel and evidence admitted at the trial conducted before this Court on March 18, 2015, it is **ORDERED, ADJUDGED AND DECREED:**

1.      The Motion is **GRANTED** as to 9197-5904 Quebec, Inc. without effect on the Motion as to the claims asserted and relief sought in the Motion against Darius A. Marzec, Esq.

2.      Final Judgment for monetary sanctions in the amount of $192,173.71 pursuant to 11 U.S.C. §§ 105(a) and 303(i)(1), representing the reasonable costs and attorneys' fees incurred by Mr. Kosachuk in this matter, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate of interest.

3.      Final Judgment for monetary sanctions in the amount of $ 960,968.55, pursuant to 11 U.S.C. § 303(i)(2)(B) and this Court's inherent powers, representing punitive damages, is awarded to Chris Kosachuk against 9197-5904 Quebec, Inc., plus prejudgment interest and post judgment interest at the federal judgment rate.

118113055_1

4.    Final Judgment pursuant to 11 U.S.C. § 105(a) and this Court's inherent powers, is awarded to Chris Kosachuk that the indebtedness of Chris Kosachuk with respect to that certain judgment issued by the Supreme Court, County of New York, under Index No. 103896/2004 in favor of Eugenia Lorret and against Chris Kosachuk in the sum of $150,732.45 accounting for $108,293.54, plus interest of $41,388.91 from November 25, 2002, plus costs of $1,050, and which judgment was thereafter modified and reduced on May 12, 2008 to the sum amount of $48,293.54, plus costs of $1,050, plus interest from November 25, 2002, and which judgment was assigned to 9197-5904 Quebec, Inc. on December 15, 2009 by Assignment of Judgment, and which judgment was further assigned to SRS Techonologies Professionals, LLC by Assignment of Judgment, dated February 10, 2014, Index No. 103896/2004, and Corrected Assignment of Judgment, dated February 10, 2014, is hereby cancelled nunc pro tunc to July 6, 2012.

5.    This Final Judgment may be recorded as a matter of public record.

6.    This Final Judgment is effective immediately upon entry and this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and Final Judgment.

7.    Chris Kosachuk shall be entitled to writs of execution and all other legal process to enforce this Final Judgment permitted by Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and applicable law.

March 24th 2015

BY THE COURT:

The Honorable Jean K. FitzSimon
United States Bankruptcy Judge

118113055_1

Page 109 of 195

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re:                                            Chapter 7

Selective Advisors Group LLC,                     Case No. 815-72153-A736

       Debtor.                                    Stipulation of Settlement

-------------------------------------------------------------X

       Whereas, the Debtor having filed a voluntary petition for relief under Chapter 7 of

the Bankruptcy Code,

       Whereas, the Debtor having appeared for examination pursuant to § 341(a) of the

Bankruptcy Code,

       Whereas, the Trustee having raised issues as to whether this filing was a good

faith bankruptcy filing by the Debtor,

       Whereas, there is an issue concerning whether the Debtor has any creditors in this

bankruptcy case,

       Whereas, the Trustee's attorneys, Weinberg, Gross & Pergament LLP having

expended substantial time and effort in trying to understand this bankruptcy case and all of the

related litigation between the Debtor and NLG LLC,

       It is hereby Stipulated and Agreed as follows:

       1.     This bankruptcy case is dismissed with prejudice.

       2.     The Debtor shall pay the sum of $6,500.00 to Weinberg, Gross &

Pergament LLP for the attorneys' fees and costs incurred in investigating the claims asserted by

the Debtor in the bankruptcy petition and related State Court lawsuits.

3.      This Stipulation represents the entire agreement between the parties and may not be modified unless in writing signed by the parties and is subject to approval by the Bankruptcy Court.

4.      The parties acknowledge that the United States Bankruptcy Court for the Eastern District of New York shall retain jurisdiction with respect to the interpretation and enforcement of this Stipulation of Settlement and the terms herein.

Dated: Garden City, New York
          July 23, 2015

Weinberg, Gross & Pergament LLP
Attorneys for Trustee

By:      _____
          Marc A. Pergament
          400 Garden City Plaza, Suite 403
          Garden City, New York  11530
          (516) 877-2424

Vlahadamis & Hillen, LLP
Attorneys for Debtor

By:      _____
          Evans M. Hillen
          148 East Montauk Highway, Suite 3
          Hampton Bays, New York  11946
          (631) 655-4115

"So Ordered"

2

# EXHIBIT "B"

# VLAHADAMIS & HILLEN LLP

## Attorneys and Counselors at Law

8 E. Montauk Highway, Suite 3
Hampton Bays, NY 11946

Telephone: 631.594.5400
Fax: 631.594.5401
www.vhlawny.com

*JAMES F. VLAHADAMIS
james@vhlawny.com

EVANS M. HILLEN
evans@vhlawny.com

*Admitted in NY & NJ

September 4, 2015

Via Fed Ex
Hon. Shlomo S. Hagler
c/o Meshulum Bulls
Supreme Court, Civil Term
New York County
60 Centre Street
Room 335
New York, New York 10013

RE: <u>9197-5904 QUEBEC, INC. (Selective Advisors Group, LLC, Judgment Assignee)</u>
<u>v. NLG, LLC</u>
<u>Index No.: 101875/2012</u>

Hon. Judge Hagler,

    Please be advised that my firm represents the Selective Advisors Group LLC, plaintiff judgment creditor herein. This correspondence shall constitute a courtesy notification that plaintiff accepted payment in full satisfaction of the judgment outstanding against NLG, LLC and has caused the annexed Satisfaction of Judgment to be recorded with the county clerk's office.

    Given the foregoing, it would be unsuitable for this Court to entertain any application of NLG, LLC (such as one filed by letter on September 3, 2015) seeking to restore the motion to vacate the judgment as there currently exists no judgment to vacate and the matter remains moot. Thank you for your attention to this matter.

Sincerely yours,

James F. Vlahadamis

CC:
ARI MOR, Esq. (Attorney for NLG, LLC)
JONATHAN BORG, Esq. (Attorney for ADR Miami, LLC, nonparty movant)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
SELECTIVE ADVISORS GROUP, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
Assignee of 9197-5904 Quebec Inc
      Plaintiff,           Index No:101875/2012

                                **NOTICE OF FILING
                                SATISFACTION OF
                                JUDGMENT**

        – against –

NLG, LLC, A DELAWARE LIMITED LIABILITY
COMPANY,
                      Defendant.
------------------------------------------------------------------X

PLEASE TAKE NOTICE that the Plaintiff-Assignee Selective Advisors Group, LLC is

hereby filing a Satisfaction of Judgment.

Dated: September 3, 2015
      New York, New York

Vlahadamis & Hillen, LLP

                        By:    */s/ James R. Vlahadamis*
                                  James F. Vlahadamis, Esq.
                                  148 E. Montauk Highway
                                  Suite 3
                                  Hampton Bays, New York 11946

TO:    THE LAW OFFICES OF ARI MOR, ESQ
        347 E 65th Street, Suite 2RW
        New York, New York 2RW
        (347) 850-0578
        ari.mor.esq@gmail.com

        ATTORNEY FOR DEFENDANT
        NLG, LLC, a Delaware Limited Company

JONATHAN M. BORG BEDELL & FORMAN LLP
44 Wall Street, 10th Floor
(646) 219-7551
jborg@bedell-forman.com

ATTORNEY FOR ADR MIAMI LLC ("ADRM")

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DIRECTIVE ADVISORS GROUP, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
(Assignee of 1917-2001 Quebec, Inc.)

             Plaintiff,           Index No. 101875/2012

                          SATISFACTION OF
                          JUDGMENT

        A DELAWARE LIMITED LIABILITY
COMPANY,

             Defendant.
-------------------------------------------------------------------X

## SATISFACTION OF JUDGMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
--------------------------------------------------------------X

SELECTIVE ADVISORS GROUP, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
Assignee of 9197-5904 Quebec, Inc

        Plaintiff,     Index No: 101875/2012
                 SATISFACTION OF
                 JUDGMENT

   - against -

NLG, LLC, A DELAWARE LIMITED LIABILITY
COMPANY,
        Defendant.
--------------------------------------------------------------X


## SATISFACTION OF JUDGMENT


WHEREAS, a judgment was entered in the above entitled action On February 22, 2012 In

favor of 9197-5904 QUEBEC, INC Against NLG, LLC In the sum of $5,000,000.00 plus

costs of $225.00, and said $5,000,225.00 judgment

Which was docketed in the Office of the Clerk of the County of New York, On February

22, 2012 and

WHEREAS said judgment has been assigned on April 30, 2014 to Selective Advisors

Group, LLC and

WHEREAS said judgment has been paid in full (Plaintiff has accepted a partial payment

that is hereby deemed as payment in full satisfaction of the judgment) on September 1,

2015 and the amount of $0.00 remains unpaid, and

It is certified that there is no outstanding execution with the Sheriff or Marshal within the State of New York, and

WHEREAS the undersigned is the holder of said judgment and said judgment has not been assigned,

THEREFORE, full satisfaction of the judgment is hereby acknowledged and said Clerk is hereby authorized and directed to make an entry of said satisfaction on the docket of said judgment.

IN WITNESS WHEREOF, the party of the first part has hereunto set his hand and seal the day and year first above written.

On behalf of
SELECTIVE ADVISORS GROUP, LLC:

Dated: 9/3/15

Sean    Neil    Meehan , manager

ACKNOWLEGEMENT

COUNTY OF _Lancaster_

On the _3rd_ day of _September_ in the year _2015_ before me, Sean Neil Meehan, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacities and that by his/her/their signature(s) on the instrument, the

individual(s), or the person upon behalf of which the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

_____
Sean Neil Meehan

## CERTIFICATE OF CONFORMITY

I, *Diane Bibeau*, a duly licenced notary public in the province of *Quebec* Canada, affirm under penalty of perjury and certify that I witnessed the signature of Sean Neil Meehan as applied to the document annexed to this certificate, which was signed and dated on September 3, 2015. The matter in which acknowledged, in accordance with, and conforms to, the laws for taking oaths at acknowledgements, in the province of Quebec, Canada.

Dated: September 3rd 2015

_____
NOTARY PUBLIC
NAME:

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    )
                     )    SS.:
COUNTY OF NEW YORK   )

I, James Vlahadamis, being sworn, say, I an attorney duly admitted to practice law in the State of New York.  On September 3, 2015, I served the within Notice of Filing of Judgment Satisfaction and Satisfaction of Judgment by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after the name:

TO:    THE LAW OFFICES OF ARIMOR, ESQ
       347 E.65th Street, Suite 2RW
       New York, New York 2RW
       (347) 850-0578
       arimor.esq@gmail.com

       ATTORNEY FOR DEFENDANT
       NLG, LLC, a Delaware Limited Company

       JONATHAN M. BORG BEDELL & FORMAN LLP
       44 Wall Street, 10th Floor
       (646) 219-7551
       jborg@bedell-forman.com

       ATTTORNEY FOR ADR MIAMI LLC ("ADRM")


Vlahadamis & Hillen, LLP

                          By:    /s/ James F. Vlahadamis
                                 James F. Vlahadamis, Esq.
                                 148 E. Montauk Highway
                                 Suite 3
                                 Hampton Bays, New York 11946

CFN: 20150812181 BOOK 29902 PAGE 3737
DATE:12/24/2015  01:09:49 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

NLG, LLC,

       Plaintiff

v.

GENERAL JURISDICTION DIVISION

2011- 42770 CA 01

CASE NO.: 2011-42270 CA (02)

ELIZABETH HAZAN; an individual;
UNKNOWN SPOUSE OF ELIZABETH HAZAN;
an individual; J.P. MORGAN CHASE BANK, N.A.;
a foreign Corporation, 6913 VALENCIA, LLC,
a Florida Limited Liability Corporation;
FISHER ISLAND COMMUNITY ASSOCIATION, INC.;
a Florida Non Profit Corporation; VALENCIA ESTATES
HOMEOWNERS ASSOCIATION, INC., a Florida
Non Profit Corporation; and JOHN DOE and
JANE DOE, individually, as unknown Tenants
in possession of the Subject Property



       Defendants

_____/

### FINAL JUDGMENT OF FORECLOSURE
### (Pursuant to Administrative Order 09-09)

**THIS ACTION** was remanded for enforcement of Plaintiff NLG's mortgage on mandate from the Third District Court of Appeals on November 25, 2014;

**IT IS ORDERED AND ADJUDGED** that: FINAL JUDGMENT OF FORECLOSURE in favor of the Plaintiff is GRANTED against all Defendants. Service of process has been duly and regularly obtained over all Defendants in this action and this Court has jurisdiction over the parties in this action and the subject matter herein.

1.    **Amounts Due.** There is due and owing to the Plaintiff NLG, LLC the following from Defendant ELIZABETH HAZAN:

Principal due on the note secured by the mortgage foreclosed, as set forth in the Opinion of the Third District Court of Appeal:

#### $1,618,071.29.

Per diem interest from May 1, 2008 to December 3, 2015, also as set forth in the opinion of the Third District Court:

CFN: 20150812181 BOOK 29902 PAGE 3738

**$2,953,489.91**

(Per Diem interest accruing at the rate of $1,063.94 for each day after December 3, 2015 until the sale date of the property.)

Attorneys' fees prosecuting this action:

| | |
|---|---|
| Christopher David, Esq.: | $155,300 |
| Rafael Recalde, Esq.: | $25,714 |
| Jonathan Pollard, Esq.: | $7,500 |
| Megan Wells, Esq.: | $21,890 |
| Juan Ramirez, Jr, Esq.: | $137,661 |
| Title search expenses: | $150.00 |

**Court Costs:**

| | |
|---|---|
| Trial Court Filing Fee: | $1,906.00 |
| Appellate Court Filing Fee: | $300.00 |
| Service of Process: | $3,624.00 |

Less payments upon Final Judgment entered on the note dated April 28, 2008 in the action styled NLG, LLC v. Elizabeth Hazan with case number 2007-19532-CA-11:

($70,285.05)

Additional Costs:

Property Maintenance     $21,333.14

**GRAND TOTAL: $4,876,654.29**

2.      **In Rem Judgment.** This Final Judgment of Foreclosure is an **in rem judgment** against the Defendants.  With the exception that any deficiency is hereby taxed against Defendant ELIZABETH HAZAN, there are no in personam damages against said other Defendants.

3.      **Lien on Property.** Plaintiff, whose address is 854 Pheasant Run Road, West Chester, PA, 19382, holds a lien for the grand total sum specified in Paragraph 1 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the Defendants, and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of

CFN: 20150812181 BOOK 29902 PAGE 3739

the defendants. The plaintiff's lien encumbers the subject property located in Miami Dade County, Florida and described as:

> Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County.

Property address: 6913 Valencia Dr., Fisher Island, FL 33109

4.    **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ~~December 11, 2015,~~ *January 12, 2016* to the highest bidder for cash, except as prescribed in Paragraph 6, at:

www.miamidade.realforeclose.com, the Clerk's website for on-line auctions at 9:00 a.m. after having first given notice as required by Section 45.031, Florida Statutes.

5.    **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

6.    **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

7.    **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus, if any, pending further Order of this Court.

8.    **Right of Possession.** Upon filing of the Certificate of Title, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale

CFN: 20150812181 BOOK 29902 PAGE 3740

shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

9.    **Attorney Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 211.8 hours were reasonably expended by plaintiff's counsel, Juan Ramirez, Jr. and that an hourly rate of $650 is appropriate. The Court also finds that all other attorneys' fees incurred by NLG were necessary and reasonable because of the extensive litigation in this matter.

PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF.

The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

10.    **NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST. (2006)**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT. IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS. IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA**

CFN: 20150812181 BOOK 29902 PAGE 3741

(TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT. IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

11.    **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 12/04/15.

_MONICA GORDO_
CIRCUIT COURT JUDGE

CFN: 20150812181 BOOK 29902 PAGE 3742

**FINAL ORDERS AS TO ALL PARTIES**
**SRS DISPOSITION NUMBER    12**

**THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.**

**Judge's Initials   MG**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.   The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
**Copies furnished: Parties of record**