# EXHIBIT 12

Selective's Renewed Motion to Intervene

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

NLG, LLC                                    CASE NO.: 2011-042770 CA(01)
a Delaware Limited Liability Company

        Plaintiff,

v.

ELIZABETH HAZAN, et al,

        Defendant.
_____/

## SELECTIVE ADVISORS GROUP, LLC 'S EMERGENCY MOTION TO INTERVENE

SELECTIVE ADVISORS GROUP, LLC, (Selective), as Judgment-Assignee, files this

Emergency Motion to intervene pursuant to Florida Rule of Civil Procedure 1.260 (c) and

to be substituted as Party Plaintiff, and as grounds therefore alleges;

    Basis for Request for Emergency Hearing:  NLG, LLC (NLG) has filed a motion

seeking attorney's fees based on a three year old ruling.  Since that ruling, the original

Plaintiff, NLG, the Defendant, Elizabeth Hazan, and Selective were involved in an

Adversary Proceeding in the Bankruptcy Court, Case No. 16-1439-AJC, in which the Court

confirmed that Selective holds all right, title and interest in the Judgement and Mortgage

previously held by NLG. As such, Selective seeks to intervene in this action to enforce its

rights. The hearing on NLG's Motion is set for Tuesday, June 4, 2019 at 10:30. Selective

respectfully requests this Emergency Motion be set at the same time.

    1.    This action was initiated on behalf of original caption-plaintiff NLG, LLC on

December 21, 2011.

2.      Caption-Plaintiff NLG, LLC lost all his rights, judgment, claims, mortgage, benefits against The Defendant Elizabeth Hazan to SELECTIVE ADVISORS GROUP, LLC on August 20, 2014 by final and non-appealable Order of honorable Judge Peter Lopez.

3.      The assignment of rights from NLG to Selective was confirmed by Bankruptcy Judge Cristol in Adversary Proceeding 16-1439-AJC in which Judge Cristol, with jurisdiction over all three parties, found:

> This Court concludes that NLG has no further rights to any claims against Debtor
> with respect to the Note and Mortgage, as the public records of Miami-Dade
> County reflect that the Scola Judgment and consequently the Mortgage were
> assigned and satisfied, and the Property fully redeemed prior to foreclosure sale,
> as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17,
> having been filed after the bar date, it is disallowed and the Court finds that NLG
> has no standing in this case based upon the Note, Mortgage, claim or lien
> emanating therefrom. Accordingly, it is
>
> ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third
> Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN**
> **PART** and **DENIED IN PART** as follows:
>
> 1. NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at
> Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357
> Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book
> 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment
> entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the

Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN

20150812181 affecting Debtor's homestead Property known as 6913 Valencia

Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10
>
> according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the
>
> Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and

Debtor has good title to said Property against the claims or purported claims by,

through, under, or against it by NLG, LLC and the title to the Property is forever

quieted as to all claims of NLG, LLC.

A copy of the Final Judgment entered 11/1/2017 is attached as Exhibit A.

4. NLG is now seeking to enforce rights under the Scola Judgment and the mortgage

that it no longer owns, but which were assigned to Selective.  Selective, therefore, seeks to

intervene in this proceeding to protect its rights. The Defendant Elizabeth Hazan will not

be prejudiced by the intervention of SELECTIVE ADVISORS GROUP, LLC and has

authorized the undersigned to represent that she supports Selective's intervention in this

matter and the substitution of Selective as Plaintiff.

## BACKGROUND FACTS

5.      A final judgment was entered against Elizabeth Hazan (hereinafter

"Hazan" or "Judgment Debtor") on April 28, 2008 by this Court.  (hereinafter the

"Judgment") in favor of the caption Plaintiff NLG, LLC.

6.    On February 22, 2012 9197-5904 QUEBEC, INC. ("Quebec") obtained a judgment against NLG, LLC in the Supreme Court in New York, New York State and domesticated the Judgment in the State of Florida.

7.    Thereafter, on May 12, 2014, the Judgment was assigned to SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company ("Selective").

8.    After domesticating the judgment in Florida, Selective sought the Court's intervention to issue an assignment of that judgment to Selective.

9.    Circuit Court Judge Lopez issued an August 20, 2014 Order making findings of fact concerning the respective judgments against NLG, LLC and Hazan, and made conclusions of law, holding that:

> 1. **T    Court or    rs t    t t    H    F    l  
> Ju g    t    l    b    NLG, LLC    g    st  
> Elizabeth    Hazan,    ("Hazan    Final  
> Judgment") ___ all of NLG, LLC's rights,  
> cl    s _____ b    f ts    l    g    st  
> ELI ABETH    HA AN    r    r b  
> _u c ll    ss g___    to    t    Pl    t ff  
> Ass g    ,    SELECTIVE    ADVISORS  
> GROUP, LLC,    D l w r    L    t  
> L    b l t    Co    .**
>
> **. Pl    t ff-Ass g    ,        SELECTIVE  
> ADVISORS GROUP, LLC, s___ ll st_____  
> t    s o s of NLG, LLC w t    r s    ct to    ll**

cl    s, r g  ts,      b   f ts   l  b  NLG,

LLC, so   s to    t tl   t  to  r cov r   ll

 roc   s  ttr but bl  to  s      u g    t

 g   st           t o  l       D  f      t,

ELI ABETH  HA AN, w t   NLG, LLC

r c  v  g cr    t for  ll su   s so r c  v  .

 .  Pl    t ff,    SELECTIVE    ADVISORS

 GROUP,  LLC,  s   ll  g v      cr    t  to

 D  f       t,  NLG,  LLC,     t    su    of

  ,  4 ,  5 . 4,  w   c       ou  t    clu   s

 r  c    l        t r st t  roug  August  1,

   14 t t   11    u  g     t    ou  t w t out

 r   u   c    to D  f       t   st bl s    g   t

furt  r    r  g w    t    cr   t       ou  t

s  oul  b   gr    t r.

<u>See</u> **E     b t B**, Order dated August 20, 2014.

10.  Selective then settled with Hazan and filed a Satisfaction of Judgment and a satisfaction of mortgage with the Clerk of Courts in Miami-Dade, Florida.

11.  As such, this Court should enter an Order changing the Caption to change the Plaintiff from NLG, LLC to Selective Advisors Group, LLC, to reflect the assignment of judgment, claims, rights and benefits in case 11-042770 CA(02);

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting SELECTIVE ADVISORS GROUP, LLC's motion to intervene in order to oppose

NLG's Motion for Attorney's Fees, substituting Selective as Party Plaintiff, changing the caption of the case to reflect Selective as Plaintiff, and for such other and further relief as the court may deem just and proper.

**I HEREBY CERTIFY** that on this 31st day of May, 2019 I electronically filed the foregoing document with the Miami-Dade Clerk of Court and by automatic e-mail generated through the E-filing Portal System and via U.S. Mail served the foregoing document on: Juan Ramirez Jr. DIAZ, REUS & TARG, LLP 100 SE 2nd Street, Suite 3400, Miami Tower, Miami Florida 33131 a true and correct copy of the foregoing has been furnished by U.S. Mail to all parties listed on the attached service list on this 31st day of May, 2019.

DAVID W. LANGLEY
Attorney for Selective
8551 W. Sunrise Blvd., Ste 303
Plantation, Florida 33322
Telephone:     954-356-0450
Facsimile:     954-356-0451
E-mail: dave@flalawyer.com
By:     /s/ David W. Langley
        David W. Langley, Esq.
        Florida Bar Number 348279



**ORDERED in the Southern District of Florida on October 31, 2017.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                        CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

     Debtor.                                 CHAPTER 11
_____/
LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,                 ADV. NO. 16-1439-BKC-AJC-A

     Plaintiffs,

vs.

NLG, LLC

     Defendant.
_____/

## FINAL JUDGMENT ON COUNTS I, II AND III OF PLAINTIFFS' THIRD AMENDED COMPLAINT DETERMINING VALIDITY, PRIORITY AND EXTENT OF LIENS AND SETTING TRIAL ON COUNTS IV THROUGH IX

**THIS CAUSE** came before the Court for trial on July 13, 2017 at 10:00 a.m., upon

Page 175 of 195

Plaintiffs, Selective Advisors Group, LLC ("Selective") and Liza Hazan a/k/a Elizabeth Hazan's Third Amended Complaint and Defendant, NLG, LLC's Counterclaim.  Selective commenced this Adversary Proceeding against NLG, LLC ("NLG") on August 21, 2016, seeking a determination of the nature and extent of its claimed lien, if any. Debtor joined the adversary proceeding against NLG on October 21, 2016. The Third Amended Complaint was deemed the operative Complaint by Order entered January 23, 2017, and NLG filed an Amended Answer and Counterclaim on May 17, 2017.  In its Counterclaim, NLG also seeks a determination of the nature and extent of its claimed lien and that its late filed claim be allowed as a timely filed claim.  Plaintiffs seek a determination that NLG has no remaining claim against this Debtor and no standing to participate in this case.

The Court having reviewed the file, the documentary evidence and exhibits, having heard the testimony of witnesses and argument of counsel, finds and concludes as follows.

## A. Background

Ms. Hazan is the owner of her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property").  She purchased the Property on March 7, 2007 from NLG.  Chris Kosachuk is the manager and representative of NLG. For nearly a decade, Kosachuk and NLG have litigated with Debtor in multiple courts and in several jurisdictions.  The various courts have entered final orders setting forth the rights and obligations of Ms. Hazan, NLG, and Selective.

All interested parties to the various controversies are now before this Court and subject to its jurisdiction.  This Court is not an appellate court for any of the other courts; thus, full faith and credit must be given to all of the final judgments and orders entered in the other courts as those judgments have become final and not subject to appeal.

There have been claims or assertions that some of these other court decisions are erroneous.

Page 176 of 195

However, when the decisions or judgments of those courts became final and not subject to further appeal, those decisions or judgments became the law of the respective case and not subject to further review by this Court. While arguments have been made to accept one or more of the prior judgments and ignore others, those arguments are not persuasive and this Court will attempt to determine the rights of the parties by giving full faith and credit to all of the final orders and judgments.

**State Court Proceedings**

NLG's claim against Debtor arises from a promissory note (the "Note") (Exhibit 1) and mortgage (the "Mortgage") (Exhibit 2) on the Property, recorded in April 2007 in the original amount of $1,275,000.00. In June 2007, NLG sued Debtor for an alleged breach of the Note, in Miami-Dade Circuit Court, Case No. 07-19532 CA 11 (Exhibit 3). On April 28, 2008, Circuit Judge Robert N. Scola Jr. entered a Default Final Judgment on the Note (the "Scola Judgment") against Ms. Hazan in the amount of $1,618,071.29 with 11% interest per annum (Exhibit 4). NLG moved to domesticate the Scola Judgment in New York and litigation followed in the New York Supreme Court.

In December 2011, NLG filed a second lawsuit, Case No. 11-42770 CA (01), in Miami–Dade Circuit Court seeking to foreclose on the Mortgage (Exhibit 5). On February 8, 2013, the trial court judge, Judge Spencer Eig, ruled that NLG had made an election of remedies by first suing on the alleged breach of the Note, and obtaining a judgment thereon. As such, Judge Eig precluded NLG from foreclosing on the Mortgage (Exhibit 6). NLG appealed that decision to the Third District Court of Appeal.

On April 30, 2014, while the Eig Order was on appeal to the Third District Court of Appeal, Plaintiff Selective acquired a 2012 New York judgment against NLG [and in favor of 9197-5904 Quebec, Inc.] and recorded the foreign judgment in Miami-Dade County, Florida in Case No.14-10475 CA (10) assigned to Circuit Court Judge Peter Lopez (the "Quebec Judgment"). NLG filed a

Motion to Quash the recording of the New York judgment against it in Florida. However, after NLG

failed to post a bond as ordered, Judge Lopez denied NLG's motion to quash on June 16, 2014, finding

that Plaintiff Selective has the right to enforce and collect on their foreign judgment, the

$5,000,225.00 Quebec Judgment.

Thereafter, on July 2, 2014, Selective, as owner of the then-domesticated foreign judgment,

the Quebec Judgment, brought proceedings supplementary in Case No.14-10475 CA (10) specifically

to seize and attach NLG's judgment against Hazan (the Scola Judgment) for the purpose of partially

satisfying the Quebec Judgment. Circuit Judge Lopez heard the Proceedings Supplementary Motion

on August 12, 2014 and August 15, 2014, and entered an Order on August 20, 2014, judicially

assigning to Selective the Scola Judgment against Debtor (the "Lopez Assignment Order"). The

Lopez Assignment Order states in pertinent part:

> 1.      The Court orders that the Hazan Final Judgment held by NLG, LLC, against
> Elizabeth Hazan, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and
> benefits held against Elizabeth Hazan are hereby judicially assigned to the Plaintiff-
> Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability
> Company.
>
> 2.      Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC shall stand in
> the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG,
> LLC so as to entitle it to recover all proceeds attributable to said judgment against
> additional Defendant, Elizabeth Hazan, with NLG, LLC receiving credit for all sums
> so received.
>
> 3.      Plaintiff, SELECTIVE ADVISORS GROUP, LLC shall give a credit to
> Defendant NLG, LLC in the sum of $2,746,953.34 which amount includes principal
> and interest through August 31, 2014 at the 11% judgment amount **without prejudice
> to Defendant establishing at further hearing why the credited amount should be
> greater**.

Exhibit 8 (emphasis added).

At trial, NLG argued that the Scola Judgment was the subject of an appeal at the time of the

assignment, and therefore could not have been judicially assigned by Judge Lopez. However, Judge

Page 178 of 195

Lopez actually addressed and dismissed that argument when he denied NLG's motion to reconsider the Order of assignment of the Scola Judgment to Selective:

> Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on up on appeal. . . .

> That judgment that I assigned to them (Selective) or that interest in that judgment was up on appeal. I didn't affect the validity of what's up on appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, they now own that judgment or note if that's what merged into it, they (Selective) get to go and foreclose.

Exhibit 22, Tr page 24 lines 3-5; Tr page 26 Lines 3-12.  Judge Lopez's Orders are final.

### Satisfaction and Payment of the Scola Judgment

On August 20 and 21, 2014, Selective filed a satisfaction of the Scola Judgment and the Mortgage (Exhibit 9).  Selective gave credit to NLG towards the Quebec Judgment. According to the Electronic Judgment Lien Amendment Statement filed on September 5, 2014 with the Florida Secretary of State (Exhibit 14), it appears NLG was given credit in the amount of the Scola Judgment, or $1,618,071.29, without credit for interest thereon.  The Lopez Assignment Order specifically determined that $2,746,953.34 was the correct sum to be credited to NLG for the Scola Judgment, as that amount includes interest from April 28, 2008 through August 31, 2014. **The Lopez Assignment Order also left open the possibility of an increase in that amount, should same be proven at a further hearing**.

The Lopez Assignment Order was never vacated or set aside, and the decision remains the law of the case.

In the New York lawsuit by NLG against the Debtor, Selective proceeded to intervene.  Judge Barbara Jaffe of the New York Supreme Court entered a Decision and Order on October 30, 2014 recognizing Selective's assignment of the Scola Judgment pursuant to the Lopez Assignment Order. In that case, the court ordered the caption of the New York case be changed to reflect the substitution

of Selective Advisors Group, LLC as the proper party, in place of NLG, LLC (Exhibit 18). The court also directed the Clerk to accept for filing the Order of assignment "judicially assigning the underlying Florida judgment from plaintiff to Selective", and strike all NLG's judgments of record against Ms. Hazan. On November 13, 2014, Judge Jaffe dismissed NLG's lawsuit against Elizabeth Hazan, ruling as follows:

> Given the satisfaction of Judgment in the underlying action under index #101288/2013, as reflected in my Decision and Order dated October 30, 2014, defendant's motion to dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to enter judgment accordingly.

Exhibit 19.

### The Third District Court of Appeal Opinion and the Gordo Foreclosure Judgment

On September 3, 2014, the Third District Court of Appeal reversed Judge Eig on the issue of election of remedies and held that foreclosure could proceed on the Mortgage (Exhibit 12). Circuit Judge Monica Gordo, by that time having replaced Judge Eig in the division, then entered a foreclosure judgment in favor of NLG, despite the judicial assignment of NLG's interests in the Note and Mortgage to Selective (the "Gordo Foreclosure Judgment"). Notwithstanding the various court rulings recognizing the judicial assignment of the Scola Judgment to Selective, Judge Gordo entered a Final Judgment of Foreclosure in favor of NLG on December 4, 2015 (Exhibit 21). The Gordo Foreclosure Judgment determined NLG, LLC was entitled to the grand total sum of $4,876,654.29 and set a sale for January 12, 2016.

However, on January 11, 2016, the Debtor filed for Chapter 11 bankruptcy protection and the sale was stayed.

### B. Legal Analysis

Plaintiffs contend that Judge Lopez judicially assigned to Selective the Scola Judgment, together with all the rights and claims thereunder, which includes the right to enforce the Mortgage,

leaving NLG with no enforceable mortgage, lien, or claim in this bankruptcy case. NLG takes the position that, notwithstanding the judicial assignment of the Scola Judgment on the Note, NLG retained the right to foreclose on the Mortgage. NLG asks the Court to limit its review to only one out of the many rulings entered in the ten-year history of litigation between the parties. It asks the Court to look only to the Gordo Foreclosure Judgment, contending that Judge Gordo resolved all issues in NLG's favor.

After reviewing the history of the proceedings between the parties, it is evident the Gordo Foreclosure Judgment does not resolve all issues in NLG's favor. The Scola Judgment, the Lopez Assignment Order, and the Gordo Foreclosure Judgment all control this Court's decision going forward. The Scola Judgment established Debtor's liability to NLG on the Note. The Scola Judgment, and consequently the Mortgage, were assigned to Selective by the Lopez Assignment Order, and were thereafter satisfied. Finally, by the Gordo Foreclosure Judgment, NLG, LLC established its entitlement to a greater credit for the judicial assignment of the Note and Mortgage. Moreover, any interest NLG may have had in the Mortgage by virtue of the Gordo Foreclosure Judgment is/was extinguished upon redemption by the Debtor and satisfaction.

The Scola Judgment awarded NLG, LLC $1,618,071.29 against the Debtor for Debtor's breach of the Note.

In 2014, after entry of the Scola Judgment, Selective acquired a $5,000,225 judgment against NLG, LLC, the Quebec Judgment. (Although NLG argued that the Quebec Judgment was erroneous or invalid, it is a final judgment not subject to appeal.) Selective domesticated the Quebec Judgment in state court, before Judge Lopez, and the order domesticating the judgment has become final and non-appealable. Thereafter, the Lopez Assignment Order was entered, judicially assigning the Scola Judgment to Selective [in partial satisfaction of the Quebec

Judgment] and determining the value of the Scola Judgment to be $2,746,953.34, inclusive of interest. The Lopez Assignment Order judicially assigns the Scola Judgment to Selective, together with all the rights and claims thereunder.

Because ownership of the Mortgage follows the Note, in the absence of a contrary intention, Selective, who owns and holds the Note, therefore has standing to foreclose the Mortgage.

> It has frequently been held that a mortgage is but an incident to the debt, the payments of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by the mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

*Taylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). Under Florida law, "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" [the subject note and subject mortgage when the complaint is filed]. *McLean v. JPMorgan Chase Bank Nat'l Ass'n*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). "Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *Id.* NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. See, Trial Transcript Page 27 lines 3-11. There being no evidence presented to support the position that the parties did not intend for the Mortgage to follow the Note, the Mortgage did indeed follow the assignment of the Note in this case. The Note having been judicially assigned to Selective, Selective has standing to foreclose the Mortgage and, upon assignment, NLG had no further right to foreclose the Mortgage. When Judge Lopez assigned the Scola Judgment to

Page 182 of 195

8

Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage.

The public records for Miami-Dade County, Florida reflect that the Scola Judgment and the Mortgage were both satisfied in August 2014. NLG was given credit by Selective for the debt remaining under the Scola Judgment and Mortgage, in partial satisfaction of the domesticated Quebec Judgment. It appears that credit may not have been finally determined, as discussed further herein.

Notwithstanding the judicial assignment to Selective and subsequent satisfactions, in November 2014, the Third District Court of Appeal, presumably unaware of the assignment and satisfactions, entered an opinion reversing the Eig Order and permitting foreclosure of the Mortgage. Following the mandate, Judge Gordo entered the Gordo Foreclosure Judgment in December 2015. The Gordo Foreclosure Judgment determined NLG is entitled to $4,876,654.29 under the Note and Mortgage. The Court is advised Selective tried to intervene in the case but Judge Gordo did not allow intervention. This Court was not informed as to why Selective did not otherwise intervene in the appeal of the Eig Order and advise the Third District Court of Appeal that Selective was assigned the Note and Mortgage and that the Note and Mortgage were satisfied months before the Third District Court Appeal issued its opinion reversing the Eig Order.

Thus, it initially appears there may be a conflict between the Lopez Assignment Order, assigning ownership of the Note and Mortgage on the Property to Selective, and the Gordo Foreclosure Judgment, granting foreclosure of the Property in favor of NLG as Plaintiff instead of in favor of Selective. However, this conflict has been overcome by events.

Giving full faith and credit to the Lopez Assignment Order, NLG's rights in the Scola Judgment were assigned to Selective, after Judge Lopez concluded that the assignment of the Scola

Page 183 of 195

9

Judgment to Selective had no relevance to the issues on appeal. (Exhibit 22, Tr. 26:3-11). The Lopez Assignment Order establishes that NLG, LLC is entitled to $2,746,953.34 for the assignment, "which amount includes principal and interest [on the Note] through August 31, 2014 at the 11% judgment amount *without prejudice to [NLG] establishing at further hearing why the credited amount should be greater*." (Emphasis added.)    Giving full faith and credit to the Gordo Foreclosure Judgment, NLG established its entitlement to a greater credit than that in the Lopez Assignment Order, in the grand total sum of $4,876,654.29. The Gordo Foreclosure Judgment also granted NLG the right to foreclose, but allowed the Debtor to redeem the Property up until the time of the sale. Thus, notwithstanding the right to foreclose, no sale took place, and the Debtor's right to redeem remains alive and well.

NLG argued at trial that Selective is collaterally estopped from asserting its interest in the Mortgage. "However, in collateral estoppel the 'precise fact' or 'every point and question' on the issue must have been decided". *Chandler v. Chandler,* 226 So.2d 697 (Fla. 4th DCA 1969) citing *Gordon v. Gordon*, 59 So.2d at 45 (Fla.1952). Here, Selective sought to intervene in the Gordo foreclosure lawsuit to raise its unique issues of law and fact relative to the assignment of the Mortgage rights and the right to intervene was denied to Selective. "[I]f there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation". *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324 (11th Cir. 2010).  The evidence and testimony presented at trial demonstrate that Selective was not a party to the Gordo case and therefore is not barred by res judicata or collateral estoppel from asserting its rights under the Note and Mortgage.

However, even assuming that the Gordo Foreclosure Judgment authorized NLG, *and not Selective*, to foreclose the Mortgage, the foreclosure sale never took place because Debtor filed

this bankruptcy case, staying the sale pursuant to 11 U.S.C. §362. The Debtor redeemed the Property prior to a foreclosure sale being conducted and certificate of sale being issued, thereby satisfying the Gordo Foreclosure Judgment. In paragraph 4 of the Gordo Foreclosure Judgment, the state court judge set a foreclosure sale date, subject to paragraph 6 therein. Paragraph 6 of the Gordo Foreclosure Judgment states:

> **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statute, Section 45.0315 shall be terminated.

Section 45.0135, Fla. Stats., provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

Until the certificate of sale issued, the Debtor retained her right of redemption, regardless of the identity of the mortgagee. Consistent with her rights under the Gordo Foreclosure Judgment and as provided by statute, the Debtor in fact redeemed the Property prior to a foreclosure sale, by satisfying the Note and Mortgage, and by Selective providing NLG credit for payment of the Note and Mortgage to partially satisfy NLG's debt to Selective by virtue of the Quebec Judgment.

The amount of the credit provided to NLG should be the greater amount established by the Gordo Foreclosure Judgment. Although the Scola Judgment determined the debt on the Note to be $1,618,071.29, the Lopez Assignment Order increased the amount owed to NLG by the Debtor to $2,746,953.34. The Gordo Foreclosure Judgment ultimately established that NLG was entitled to $4,876,654.29 for the Note and Mortgage. While the $4,876,654.29 amount may be disputed, the

Court must give full faith and credit to the Gordo Foreclosure Judgment and will therefore view the amount determined in that judgment to be the greater amount NLG established it was owed on account of the Note and Mortgage, *as the Lopez Assignment Order allowed*.

It appears from the Electronic Judgment Lien Amendment Statement (Exhibit 14) that NLG was given credit only for the amount indicated in the Scola Judgment, or $1,618,071.29. It was not credited with the amount indicated in the Lopez Assignment Order of $2,746,953.34 (which included interest on the Scola Judgment), nor was it credited with the amount indicated in the Gordo Foreclosure Judgment, $4,876,654.29. However, at the time of trial, the parties' rights were already determined by all those orders. Before any credits, Selective was owed $5,000,225.00 from NLG on account of the Quebec Judgment, and NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage pursuant to the Gordo Final Judgment. Honoring the Gordo Foreclosure Judgment, NLG must be credited for the full amount of the judgment, $4,876,654.29, whether that amount is lesser or not, for the assignment of the Note and Mortgage and satisfactions, leaving the Mortgage redeemed and Selective with a judgment against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG.

## Conclusion

The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective. Although NLG's right to foreclose against Hazan, as established by the Third District Court of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose. Assuming the validity of the Gordo Foreclosure

Page 186 of 195

Judgment, the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's debt to NLG has been paid, including the New York State Supreme Court, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited by Selective for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure Judgment. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,876,654.29, which credit will leave the Mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom. Accordingly, it is

ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN PART** and **DENIED IN PART**

as follows:

1.      NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

2.      Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

3.      NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.

4.      Counts IV, V, VI, VII, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order.

# # #

Copy to:
DAVID W. LANGLEY
*Attorney for Debtor*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: 954-356-0450
Facsimile: 954-356-0451

Page 188 of 195

Email: dave@flalawyer.com
Florida Bar No. 348279

Attorney Langley is directed to serve a copy of this Final Judgment on all interested parties and to file a Certificate of Service with the Court.

CFN 2014R0583040
OR Bk 29277 Pgs 3289 - 3292; (4pg)
RECORDED 08/20/2014 14:11:06
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

SELECTIVE ADVISORS GROUP, LLC,
AS ASSIGNEE OF 9197-5904
QUEBEC, INC.,

    Plaintiff,

vs.

NLG, LLC, a Delaware Limited
Liability Company,

    Defendant,
and

ELIZABETH HAZAN

    Additional Defendant.

_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY
## AND FOR ORDER IMPLEADING THIRD PARTY

THIS CAUSE having come on for hearing on August 12, 2014, and August 15, 2014, on the Plaintiff's Motion for Proceedings Supplementary, etc., and the court having examined the court file, including the unrebutted affidavit filed on behalf of the Plaintiff on July 2, 2014, having taken judicial notice of the judgments and lien certificates referenced below, and having heard arguments of counsel, makes the following finds of fact and conclusions of law:

## FINDINGS OF FACT

1. On April 28, 2008, a default final judgment was entered under Case No. 07-19532-CA-11 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in favor of NLG, LLC, and against ELIZABETH HAZAN in the amount of $1,618,071.29, plus interest at the statutory rate of 11 percent per annum. ("Ha

Final Judgment"). The judgment was recorded on May 2, 2008 at Book Number 26357, Pages 3948-3949, Document Number 20080361591 and re-recorded on June 2, 2008 at Book Number 26406, Pages 3259-3260, Document Number 2008R0446831.

2. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on May 27, 2008, under document filing number J08900007653.

3. A second judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on July 1, 2013, under document filing number J13001162651. The "money amount remaining unpaid" listed on the second judgment lien certificate is $3,749,569.51. Said amount seems to be based on an interest rate of 24 percent instead of the 11 percent judgment rate.

4. On February 22, 2012, 9197-5904 QUEBEC, INC., a foreign corporation, obtained a judgment against the Defendant, NLG, LLC, a Delaware Limited Liability Company, in New York State Supreme Court, County of New York, index number 101875-2012. Said judgment was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida, under the above-stated case number. Document number 2014R0298781, Book number 29124, pages 4766-4772.

5. On April 30, 2014, the subject judgment was assigned to the Plaintiff by 9197-5904 QUEBEC, INC., requiring the Defendant to pay the Plaintiff the sum of $5,000,225.00, plus statutory interest. The assignment was recorded at Book Number 29137, Pages 3128-3131, Document Number 2014R0322571.

6. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on June 16, 2014, under document filing number J14000718030.

7. The Plaintiff is entitled to step in the shoes of NLG, LLC with respect to the claims, rights, and benefits held by NLG, LLC, so as to be entitled to recover all proceeds attributable to the Hazan Final Judgment against ELIZABETH HAZAN with

NLG, LLC receiving a credit for all sums so received.

    8. The execution is valid and remains outstanding.

## CONCLUSIONS OF LAW

    1. The Court orders that the Hazan Final Judgment held by NLG, LLC against ELIZABETH HAZAN, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and benefits held against ELIZABETH HAZAN are hereby judicially assigned to the Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company.

    2. Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, shall stand in the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG, LLC, so as to entitle it to recover all proceeds attributable to said judgment against additional Defendant, ELIZABETH HAZAN, with NLG, LLC receiving credit for all sums so received.

    3. Plaintiff, SELECTIVE ADVISORS GROUP, LLC, shall give a credit to Defendant, NLG, LLC, in the sum of $2,746,953.34, which amount includes principal and interest through August 31, 2014 at the 11% judgment amount without prejudice to Defendant establishing at further hearing why the credited amount should be greater.

    DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 08/20/14.

PETER R. LOPEZ
CIRCUIT COURT JUDGE

> No Further Judicial Action Required on **THIS**
> **MOTION**
> **CLERK TO RECLOSE CASE IF POST**
> **JUDGMENT**

OR BK 29277 PG 3292
LAST PAGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Copies furnished to:
Mark D. Cohen, Esq.
Megan Wells, Esq.

# EXHIBIT 13

Order Granting Selective's

Renewed Motion to Intervene

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

SELECTIVE ADVISORS GROUP, LLC,                    CASE NO.: 2011-042770 CA(01)

             Plaintiff,

v.

ELIZABETH HAZAN, et al,

             Defendant.

_____/

FILED FOR RECORD    2019 JUL -2 AM 9: 26

## ORDER ON SELECTIVE ADVISORS GROUP, LLC'S EMERGENCY MOTION TO INTERVENE

THIS CAUSE having come before this Court on July 1, 2019 at 11:00 a.m. on non-party Selective Advisors Group, LLC's (Selective) Emergency Motion to Intervene, and the Court having reviewed the motion, having heard argument of counsel and being otherwise, fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

Selective Advisors Group, LLC's Motion to Intervene and substitute as party Plaintiff is Granted. Pursuant to Judge Cristol's Final Judgment entered on 1/01/17, Selective Advisors Group, LLC ("Selective") as Plaintiff stands in the shoes of prior Plaintiff, NLG, LLC, in this action & has all rights of NLG in this action, including but not limited to the $7,105 fee award of $7,475.00. Juan Ramirez, Jr. is only entitled to collect the attorney's fee at issue herein of $7,475.00 only from his client NLG, LLC and not from Robert Lithman or anyone else. The clerk is directed to change the caption to reflect the new Plaintiff, Selective Advisors Group, LLC, in lieu of NLG, LLC.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 1st day of July, 2019.

                              JACQUELINE HOGAN SCOLA
                              Circuit Court Judge

Copies furnished to: David W. Langley, attorney for Selective Advisors Group
                    Juan Ramirez, attorney for NLG. LLC

**Signed and Dated**

JUL 0 1 2019

Page 1 of 1 Jacqueline Hogan Scola

ORIGINAL

JUDGE JACQUELINE HOGAN SCOLA