## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re:                                          Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                  Chapter 7 Pending Conversion to Chapter 11
Debtor

_____/

CHRIS KOSACHUK

      Plaintiff,

v.                                              Adversary Case No. 22-ap-50421-JKS


9197-5904 QUEBEC, INC.

&

SELECTIVE ADVISORS GROUP, LLC

      Defendants.

_____/

### PLAINTIFF CHRIS KOSACHUK'S
### MOTION FOR SUMMARY JUDGMENT

Chris Kosachuk ("Mr. Kosachuk"), *pro se*, in accordance with this Court's inherent authority, Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56 of the Federal Rules of Civil Procedure, files this Motion for Summary Judgment (the "Motion") as to Count I of the Complaint for Declaratory Judgment [D.I. 1] against 9197-5904 Quebec, Inc. ("Quebec") and Selective Advisors Group, LLC ("Selective").

Mr. Kosachuk incorporates by reference his affidavit in support with exhibits, his Brief and Memorandum of Law in Support of Motion for Summary Judgment with Exhibits and the Complaint for Declaratory Judgment and its exhibits as if fully rewritten herein.

Dated: November 17, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                        Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                Chapter 7 Pending Conversion to Chapter 11
Debtor

_____/

CHRIS KOSACHUK

     Plaintiff

v.                                            Adversary Case No. 22-ap-50421-JKS


9197-5904 QUEBEC, INC.

&

SELECTIVE ADVISORS GROUP, LLC

     Defendants

_____/

### AFFIDAVIT OF CHRIS KOSACHUK IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STATE OF DELAWARE        )
                              ) ss:
COUNTY OF NEW CASTLE    )

     CHRIS KOSACHUK, after being duly sworn, deposes and says under penalties for perjury:

     1.     I am the Plaintiff, the largest creditor and the owner of Debtor NLG, LLC, a Delaware limited liability company, (hereinafter "NLG"). As such, I am fully familiar with the facts and circumstances recited herein based upon my personal knowledge.

     2.     I submit this affidavit in support of Plaintiff's Motion for Summary Judgment.

Affidavit of Chris Kosachuk
Case No. 22-ap-50421-JKS

3.      I seek a declaratory judgment to cancel the $5,000,225.00 indebtedness, *nunc pro tunc* to date of entry of February 22, 2012, caused by a certain Judgment by Confession for $5,000,225.00 entered under Index No. 2012-101875 captioned as *9197-5904 Quebec, Inc. v. NLG, LLC* in the Supreme Court of New York, New York County on February 22, 2012, and assigned to Selective Advisors Group, LLC (the "Judgment by Confession" and attached hereto as Exhibit 1).

4.      The Judgment by Confession was and is collusive, void *ab initio* and never entitled to full faith and credit under the Full Faith and Credit Act, 28 U.S.C. § 1738.

5.      The Judgment by Confession for $5,000,225.00 was obtained by 9197-5904 Quebec Inc. (herein "Quebec") in a proceeding orchestrated by Attorney Darius A. Marzec. This Judgment by Confession was then assigned to Defendant, Selective Advisors Group, LLC ("Selective"), for no money.

6.      The Judgment by Confession was obtained by Mr. Houle operating as the President of Plaintiff Quebec, while at the same time pretending to be the manager of Defendant NLG. Mr. Houle was not authorized to execute any affidavit on behalf of defendant NLG nor was Attorney Marzec authorized to notarize and record the affidavit of confession.

7.      Judgments by Confession from New York are governed by NY CPLR § 3218 where the *defendant* executes an affidavit which meets the statutory requirements.

8.      Here the Affidavit of Confession was executed by Plaintiff Quebec pretending to be Defendant NLG rendering it a product of collusion  and void on its face.

9.      NLG was never served with process in any way. In fact, NLG received no notice whatsoever prior to the entry of the Judgment by Confession and the New York State Court never obtained jurisdiction over NLG.

Affidavit of Chris Kosachuk
Case No. 22-ap-50421-JKS

10.     Additionally, NLG never owed any money to Quebec for anything. In fact, at Mr. Houle's deposition the following exchange occurred: "Q: Before you filed this Confession of Judgment against NLG, did NLG owed the Quebec Corporation any money? A: No". [*See* Transcript p. 45 lines 18-20, attached hereto as Exhibit 2].

11.     Before Quebec and its Attorney Marzec recorded this Judgment by Confession, there had never been any litigation between NLG and Quebec. In the same deposition when asked why he filed the Judgment by Confession, Mr. Houle answer "Because of five years of process of fraud by Mr. Kosachuk". [*See* Transcript p. 44 lines 6-7].

12.     Even after the Judgment by Confession was entered, NLG never received notice because the address used by Mr. Houle for NLG in the affidavit of confession (6499 North Powerline Rd, Suite 304, Ft. Lauderdale, FL 33309) was and is actually the address of Quebec's attorney, Arthur R. Rosenberg, an address guaranteed not to provide actual notice to NLG. Mr. Kosachuk and NLG did not learn of the judgment until more than a year had elapsed after its entry.

13.     Moreover,  Mr. Houle was never a duly elected manager or representative of NLG and he did not have authorization to execute the affidavit of confession on behalf of NLG to create to the Judgment by Confession.

14.     The documents attached to the Complaint clearly show that Mr. Houle was acting for Plaintiff Quebec and Defendant NLG when he confessed judgment on behalf of Defendant NLG. [D.I. 1 to 1-5].

15.     The foregoing facts show that the Judgment by Confession is collusive, not entitled to full faith and credit and void on its face as a matter of law.

Affidavit of Chris Kosachuk
Case No. 22-ap-50421-JKS

16.     NLG's rights to due process and an opportunity to be heard were violated. Indeed, the New York State Court never obtain personal jurisdiction over NLG.   Innocent third parties have all been harmed by this void Judgment by Confession.

17.     Additionally, the Judgment by Confession does not comply with the New York CPLR for Judgments by Confession. The relevant statute, NY CPLR § 3218(a) requires that the Affidavit of the Defendant state "the facts out of which the **debt** arose and showing that the sum confessed is justly due or to become due." (Emph. added).  The affidavit at issue contains none of the required information.

18.     Moreover, NLG never owed any money to Quebec and the Affidavit signed by Mr. Houle, pretending to to act for NLG, makes clear that the confession is not for a **debt** but for a tort: "Fraud and Abuse of Process," which is specifically prohibited under New York law.

19.     It is well-established law that the Confession of Judgment statute "allows no confession of a judgment for a tort". *Burkham v. Van Saun,* 14 Abb. Pr. 163, 1873 N.Y. Misc. LEXIS 92 (N.Y. App. 1st Dist. 1873). As the court stated in *Franklin v. Muckley*, 189 Misc. 155, 70 N.Y.S.2d 815 (1947): "The rule that confession of a judgment for a tort is not authorized is ancient and well established."

20.     These facts were all confirmed in a New York Court Order, attached hereto as Exhibit 3, which found that the Judgment by Confession "was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation."

21.     Unfortunately, this order is now before the Appellate Division First Department with oral argument scheduled for the November 2022 term because Selective continues to defend this void Judgment by Confession.

Affidavit of Chris Kosachuk
Case No. 22-ap-50421-JKS

22.     Under these circumstances, the Complaint for Declaratory Judgment to cancel the

$5,000,225.00 indebtedness, *nunc pro tunc* to date of entry of February 22, 2012, caused by a

certain Judgment by Confession for $5,000,225.00 entered under Index No. 2012-101875

captioned as *9197-5904 Quebec, Inc. v. NLG, LLC* in the Supreme Court of New York, New

York County on February 22, 2012, and assigned to Selective Advisors Group, LLC (the

"Judgment by Confession") should be granted in its entirety pursuant to Plaintiffs' Motion for

Summary Judgment.

23.     The primary purpose of bankruptcy law is to relieve the debtor from the burden of

indebtedness.  *Perez v. Campell*, 402 U.S. 637, 648 (1971).  This case is the poster child to

relieve a debtor of the burden of indebtedness caused by the void Judgment by Confession.

**WHEREFORE**, for all the foregoing reasons, the Verified Motion for Summary

Judgment should be granted in its entirety.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the foregoing
affidavit and motion for summary judgment are true and correct.

Executed on: November 17, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

# EXHIBIT 1

"Judgment by Confession"

also known as

The "Quebec Judgment"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Address of Plaintiff:
3765 Saint-Kevin, Ste 9
Montreal, Quebec H3T 1H8
Canada

---

9197-5904 Quebec, Inc.

          **Plaintiff,**

Index No.:

**JUDGMENT BY**
**CONFESSION**

    **against**

NLG, LLC, a Delaware Limited Liability Company,

          **Defendant.**

12101875

---

| | | |
|---|---|---|
| Amount Confessed | $5,000,000.00 | |
| Interest | $0.00 | $ 5,000,000.00 |
| Costs by Statute | $15.00 | |
| Transcript | | |
| Fees on Execution | | |
| Satisfaction | | |
| Filing Fee | $210.00 | $ 5,000,225.00 |

    The undersigned, Attorney at Law of the State of New York, affirms that he is the attorney of record for the Plaintiff herein and states that the disbursements specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated:  February 16, 2012

**MARZEC LAW FIRM, PC**

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 225.00

FEB 22 2012

*Norman Goodman*
CLERK

Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

**FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

Supreme Court Records OnLine Library -  page 1 of 6

JUDGMENT entered the ___22ⁿᵈ___ day of _February_, 2012

On the foregoing affidavit of Confession of Judgment made by the defendant herein,

sworn to the on the 16th day of February 2012,


**NOW, ON MOTION OF MARZEC LAW FIRM, PC**, attorney for plaintiff, it is


**ADJUDGED that** 9197-5904 Quebec, Inc. Plaintiff, with the address of 3765 Saint-

Kevin, Suite 9, Monteal, Quebec H3T 1H8, Canada, do recover of **NLG**, LLC,* Defendant, with

the address of 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309, the sum

of $5,000,000.00 with interest of $0.00, making a total sum of $5,000,000.00 together with

**$225.00** costs and disbursements, as taxed by the clerk  amounting in all to the sum of

$5,000,225.00 and that the plaintiff have execution therefor.


*Norman Goodman*
_____
CLERK

**[FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

* Defendant's full name is:
NLG, LLC, a Delaware Limited
Liability Company

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 10185/12

9197-5904 Quebec, Inc.,

                             **Plaintiff,**

    **against**

NLG, LLC, *A DELAWARE LIMITED LIABILITY COMPANY,*

                             **Defendant.**

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT**

**FILED**

FEB 2 2 2012

COUNTY CLERKS OFFICE
NEW YORK

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**      **ss.:**

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the sum of $5,000,000.00.

Defendant's address is 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309; Defendant authorizes entry of judgment in New York County, New York, if said residence address is not in New York State.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Fraud and Abuse of Process.

**This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed, subsequent to the time a default occurred in the payment of an installment thereunder.**

Sworn to before me this
16 day of Feb___, 2012

9197-5904 Quebec, Inc. by Raymond Houle, Manager
*MANAGER, NLG LLC*

NOTARY PUBLIC

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/2012

Supreme Court Records OnLine Library - page 3 of 6



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 10 875/12

9197-5904 Quebec, Inc.,

                                    **Plaintiff,**

         **against**

NLG, LLC,

                                    **Defendant.**

**AFFIDAVIT OF**
**RAYMOND HOULE**
REGARDING FACTS
SUPPORTING
JUDGMENT

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**        **ss.:**

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Defendant has consistently abused its legal position by filing frivolous litigation documents, affidavits, pleadings, and motions, in and without the state, misrepresenting the truth concerning key facts regarding the mode of operation, personnel, employees, corporate documents and status of defendant; Defendant has failed to abide by rules of court with respect to discovery, disclosures and subpoena power of the court and counsel, and has made litigation process difficult, wasteful, and expensive to adversary/ies.  All actions of Defendant constitute abuse of process and fraud upon the court and parties involved, who were unduly damaged by such fraudulent conduct and abuse of process by Defendant.  The conduct of Defendant was intentional and malicious and calculated to cause additional expense, delay and harassment to defendant's adversaries; such conduct was illegal, improper, unethical and unnecessary to the administration of justice and process in these matters, giving Plaintiff a cause of action.

Supreme Court Records OnLine Library - page 4 of 6

_Raymond Houle_
RAYMOND HOULE

Sworn to before me on the 21 day of February, 20 12.

Notary Public

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20___

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

[FILED

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

Supreme Court Records OnLine Library -  page 5 of 6



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**                                    Index No.

9197-5904 Quebec, Inc.,

**Plaintiff,**

against

NLG, LLC., *A DELAWARE LIMITED LIABILITY COMPANY,*

**Defendant.**

---

**JUDGMENT BY CONFESSION**
**AFFIDAVIT OF JUDGMENT BY CONFESSION**

---

**ATTORNEYS FOR PLAINTIFF**
**Marzec Law Firm, P.C.**
**Darius A. Marzec, Esq.**
**225 Broadway, Suite 3000**
**New York, NY 10007**
**212-267-0200**

**FILED AND**
**DOCKETED**
FEB 2 2 2012
AT   10:25 A   M
N.Y., CO. CLK'S OFFICE

---

**CERTIFICATION**

Pursuant to Section 130-1.1, the following documents are hereby certified:

By: Darius A. Marzec, Esq.
MARZEC LAW FIRM PC
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200

DOCKETED BY

Page 12 of 31

# Exhibit 2

Raymond Houle Deposition Transcript 4/4/14

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY, PENNSYLVANIA


| | |
|---|---|
| NLG, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   AUGUST TERM, 2012 |
| VS. | )   NO. 02514 |
| | ) |
| DARIUS A. MARZEC, MARZEC LAW | ) |
| FIRM, P.C., GUY A. DONATELLI, | ) |
| LAMB McERLANE, P.C., and | ) |
| 9197-5904 Quebec, Inc., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |


- - -

FRIDAY, APRIL 4, 2014

- - -


        Telephonic deposition of RAYMOND HOULE, taken

at the LAW OFFICES OF EDWIN P. SMITH, 1528 Walnut Street,

Suite 702, Philadelphia, Pennsylvania, beginning at

approximately 11:15 a.m., on the above date, before Carol L.

Shearer, Registered Professional Reporter and Notary Public.


CENTER CITY REPORTING, INC.
1315 Walnut Street - Suite 601
Philadelphia, Pennsylvania  19107
215-732-4882

```
 1   A P P E A R A N C E S:

 2


 3       EDWIN P. SMITH & ASSOCIATES, P.C.
         BY:  EDWIN P. SMITH, ESQUIRE
 4            1528 Walnut Street
              Suite 702
 5            Philadelphia, Pennsylvania  19102
              (215) 864-7300
 6            edwinsmith.attorney@yahoo.com

 7

              --  Representing the Plaintiff
 8

 9


10       KANE, PUGH, KNOELL, TROY & KRAMER, LLP
         BY:  PETER ROGERS, ESQUIRE
              (Appearing Via Telephone)
11            510 Swede Street
              Norristown, Pennsylvania  19401
12            (610) 275-2000
              progers@kanepugh.com
13

14            --  Representing the Defendants
                  Darius A. Marzec and Marzec Law Firm, P.C.
15

16

         LAMB McERLANE, P.C.
17       BY:  GUY A. DONATELLI, ESQUIRE
              (Appearing Via Telephone)
18            24 East Market Street
              West Chester, Pennsylvania  19382
19            (610) 430-8000
              gdonatelli@lambmcerlane.com
20
              --  Representing the Defendants
21                Guy A. Donatelli and Lamb McErlane, P.C.

22

23

24
```

```
 1   A P P E A R A N C E S (cont'd.):

 2


 3        MARZEC LAW FIRM
          BY:   DARIUS A. MARZEC, ESQUIRE
 4              (Appearing Via Telephone)
                225 Broadway
 5              Suite 3000
                New York, New York  10007
 6              (212) 267-0200
                dmarzec@marzeclaw.com
 7


 8              --  Representing the Defendant 9197-5904 Quebec,
                    Inc.

 9

10

11

12   ALSO PRESENT:   JUDITH P. MEYER, DISCOVERY MASTER

13

14

15

16

17

18

19

20

21

22

23

24
```

Page 42

**A.    No.**

Q.    Would you please look at H-9.  This is a document

from the Supreme Court of the State of New York, County of

New York, in which Quebec Corporation was the Plaintiff and

NLG was a Defendant.  Have you ever seen this document

before?

**A.    Yes, I did.**

Q.    When did you first see it?

**A.    I don't remember.**

Q.    Was it more than a month ago?

**A.    I don't remember.**

Q.    Was it last week, the first time you saw it?

**A.    No.**

Q.    Was it over a year ago that you first saw it?

**A.    I don't know.  I think was two years ago.**

Q.    Who prepared that document?  Who gave it to you?

**A.    Ten days -- ten days.**

Q.    Pardon me?

**A.    (Unintelligible)  Marzec.  It indicates on the**

**document.**

Q.    You have to say that again.  I don't understand what

you just said.  You said Mr. Marzec gave it to you, and then

what did you say?

**A.    It says on the paper Mr. Marzec.  (Inaudible)**

Page 43

Q.   Who asked you to have this document filed?

**A.   Would you repeat.**

Q.   Who asked you to have this document filed with the

4   court?

**A.   I asked my lawyer, Mr. Marzec, to prepare -- to**

6   **prepare it.**

Q.   Who asked you to have this document filed?

MR. MARZEC:  Objection.  Asked and answered.  He

said, I asked my lawyer to prepare it.

10   MR. SMITH:  I didn't hear him say that.

11   THE WITNESS:  I asked my lawyer to prepare it.

12   Nobody else.

13   MR. SMITH:  Ms. Meyer, may I ask that Mr. Marzec

be instructed not to suggest answers as part of his

objections or intermeddle his answers.

MS. MEYER:  You are so instructed, Mr. Marzec.

BY MR. SMITH:

Q.   Why did you have this document filed?

**A.   Because for abuse (inaudible)**

20   COURT REPORTER:  I'm sorry.  Could you start

21   your answer again, please.

THE WITNESS:  (Inaudible.)

COURT REPORTER:  I can't hear you.

24   BY MR. SMITH:

Page 44

Q.   Speak up, please.  Put the phone near your mouth.

COURT REPORTER:  Start your answer again.

THE WITNESS:  Sorry.

BY MR. SMITH:

Q.   Why did you have this document filed?

**A.   Yeah, it was filed for fraud and abuse of process**
**and to collect our judgment.**

Q.   What judgment --

**A.   Because of five years of process of fraud by Mr.**
**Kosachuk.**

Q.   And you filed that as -- and who -- strike that.

You filed this -- you allowed this to be filed as an
agreement on behalf of NLG; is that correct?

**A.   (No response.)**

Q.   You represented NLG in filing this document; didn't
you?

**A.   Are you referring to the charging order?**

Q.   Yes, and you represented NLG in filing this
document; is that correct?

**A.   Yes.  Indicated on it.**

Q.   And you indicated yourself as manager of NLG; is
that correct?

**A.   Indicated.  I don't --**

Q.   Okay.  Look at the third page, please.  It's an

Affidavit of Confession of Judgment signed by you -- that is

your signature at the bottom?

    **A.**    **Which page?**

    Q.    Third page.

    **A.**    **I see it, yes.**

    Q.    And it says manager of NLG.  Who appointed you as

manager of NLG?

    **A.**    **By corporate resolution.**

    COURT REPORTER:  I'm sorry?

BY MR. SMITH:

    Q.    By corporate resolution?  What corporation?

    **A.**    **That I did when Quebec took over NLG.**

    Q.    What corporation issued the resolution?

    **A.**    **You got a valid -- a valid charging order to do so.**

**It's the Quebec company who make that resolution.**

    Q.    Before you filed this, did NLG owe Quebec anything?

    **A.**    **I don't understand very well.**

    Q.    Before you filed this Confession of Judgment against

NLG, did NLG owe Quebec Corporation any money?

    **A.**    **No.**

    Q.    Who selected the $5 million figure?

    **A.**    **I did.**

    Q.    Did anyone assist you in selecting that amount?

    **A.**    **No.**

Q.   Now, if you'll look at the two pages past there,
please.

**A.   Which page?**

Q.   Two more pages past.

**A.   Okay.**

Q.   At the top it has what appears to be your signature.
I ask you if that is your signature.

**A.   I don't find the page.  I don't know.  Past or**
**before?**

Q.   It's the fifth page of that exhibit.

**A.   Yes.**

Q.   Is that your signature?

**A.   Yes.**

Q.   And the notary is Darius A. Marzec; is that correct?

**A.   Yes.**

Q.   Was he with you when you signed this?

**A.   Yes.**

Q.   And were you in New York when you signed this?

**A.   Of course.**

Q.   Where in New York were you?

**A.   In his office.**

Q.   And where was his office?

MR. MARZEC:  I have to object --

THE WITNESS:  In Brooklyn.

Page 76

1           C E R T I F I C A T I O N.

2                        I hereby certify that the

3    proceedings, evidence and objections noted are contained

4    fully and accurately in the notes taken by me in the hearing

5    of the foregoing matter, and that this is a true and correct

6    transcript of the same.

7

8

9

10

11

12

13

14

15

16           _Carol Shearer_____

17           CAROL L. SHEARER, RPR

18           Stenographic Court Reporter

19           Notary Public.

20

21                        (THE FOREGOING CERTIFICATION OF THIS

22   TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY

23   ANY MEANS, UNLESS UNDER THE DIRECT CONTROL AND/OR SUPERVISION

24   OF THE CERTIFYING REPORTER.)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Address of Plaintiff:
3765 Saint-Kevin, Ste 9
Montreal, Quebec H3T 1H8
Canada

9197-5904 Quebec, Inc.

          **Plaintiff,**

    **against**

NLG, LLC, a Delaware Limited Liability Company,

          **Defendant.**

Index No.:

**JUDGMENT BY**
**CONFESSION**

12101875

| | | |
|---|---|---|
| Amount Confessed | $5,000,000.00 | |
| Interest | $0.00 | $ 5,000,000.00 |
| Costs by Statute | _____$15.00_____ | |
| Transcript | _____ | |
| Fees on Execution | _____ | |
| Satisfaction | _____ | |
| Filing Fee | _____$210.00_____ | $ 5,000,225.00 |

    The undersigned, Attorney at Law of the State of New York, affirms that he is the attorney of record for the Plaintiff herein and states that the disbursements specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated:  February 16, 2012

                               **MARZEC LAW FIRM, PC**

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 225.00

FEB 22 2012

Norman Goodman
CLERK

                    Darius A. Marzec, Esq.
                    Attorney for Plaintiff
                    225 Broadway, Suite 3000
                    New York, NY 10007
                    (212) 267-0200

**FILED**

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

PLAINTIFF'S
EXHIBIT
H-9

**JUDGMENT** entered the ___22nd___ day of _February_, 2012

On the foregoing affidavit of Confession of Judgment made by the defendant herein,

sworn to the on the 16th day of February 2012,


**NOW, ON MOTION OF MARZEC LAW FIRM, PC,** attorney for plaintiff, it is


**ADJUDGED that** 9197-5904 Quebec, Inc. Plaintiff, with the address of 3765 Saint-

Kevin, Suite 9, Monteal, Quebec H3T 1H8, Canada, do recover of *NLG*, LLC, Defendant, with

the address of 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309, the sum

of $5,000,000.00 with interest of $0.00, making a total sum of $5,000,000.00 together with

$225.00 costs and disbursements, as taxed by the clerk        amounting in all to the sum of

$5,000,225.00 and that the plaintiff have execution therefor.


_Norman Goodman_
CLERK

FILED

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

* Defendant's full Name is:
NLG, LLC, a Delaware Limited
Liability Company

Supreme Court Records OnLine Library - page 2 of 6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. 10187/12

9197-5904 Quebec, Inc.,

                     **Plaintiff,**

    **against**

NLG, LLC, *A DElawarE LIMITED*
*LIABILITY ComPANY,*

                     **Defendant.**

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT**

**FILED**

FEB 2 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**      **ss.:**

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the sum of $5,000,000.00.

Defendant's address is 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309; Defendant authorizes entry of judgment in New York County, New York, if said residence address is not in New York State.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Fraud and Abuse of Process.

**This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed, subsequent to the time a default occurred in the payment of an installment thereunder.**

Sworn to before me this

1? day of _Feb___, 2012

                                    9197-5904 Quebec, Inc. by Raymond Houle, Manager
                                    *MANAGER, NLG LLC*

                                   Darius A. Marzec
                          Notary Public State of New York
                            No. 02MA6186309
                          Qualified in Queens County
                        Commission Expires 04/28/20 12

_NOTARY PUBLIC_

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Index No. _10 875/12_

---

9197-5904 Quebec, Inc.,

                                 **Plaintiff,**

    against

NLG, LLC,

                               **Defendant.**

**AFFIDAVIT OF
RAYMOND HOULE**
REGARDING FACTS
SUPPORTING
JUDGMENT

---

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**    **ss.:**

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Defendant has consistently abused its legal position by filing frivolous litigation documents, affidavits, pleadings, and motions, in and without the state, misrepresenting the truth concerning key facts regarding the mode of operation, personnel, employees, corporate documents and status of defendant; Defendant has failed to abide by rules of court with respect to discovery, disclosures and subpoena power of the court and counsel, and has made litigation process difficult, wasteful, and expensive to adversary/ies. All actions of Defendant constitute abuse of process and fraud upon the court and parties involved, who were unduly damaged by such fraudulent conduct and abuse of process by Defendant. The conduct of Defendant was intentional and malicious and calculated to cause additional expense, delay and harassment to defendant's adversaries; such conduct was illegal, improper, unethical and unnecessary to the administration of justice and process in these matters, giving Plaintiff a cause of action.

Supreme Court Records OnLine Library - page 4 of 6

RAYMOND HOULE

Sworn to before me on the 21 day of February, 20 12.

Notary Public

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

**FILED**

FEB 2 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**                                    Index No.

_____

9197-5904 Quebec, Inc.,

                                        Plaintiff,

        against

NLG, LLC., A DELAWARE LIMITED LIABILITY
              COMPANY,

                                        Defendant.

_____

**JUDGMENT BY CONFESSION**
**AFFIDAVIT OF JUDGMENT BY CONFESSION**

_____

**ATTORNEYS FOR PLAINTIFF**
**Marzec Law Firm, P.C.**
**Darius A. Marzec, Esq.**
**225 Broadway, Suite 3000**
**New York, NY 10007**
**212-267-0200**

**FILED AND**
**DOCKETED**
FEB 2 2 2012
AT    10:25 A M
N.Y. CO. CLK'S OFFICE

_____

**CERTIFICATION**

Pursuant to Section 130-1.1, the following documents are hereby certified:

                            By: Darius A. Marzec, Esq.
                            MARZEC LAW FIRM PC
                            Attorneys for Plaintiff
                            225 Broadway, Ste. 3000
                            New York, NY 10007
                            (212) 267-0200

DOCKETED BY

Supreme Court Records OnLine Library - page 6 of 6

# Exhibit 3

Ramirez v. Selective Advisors NY Court Order

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ANDREW BORROK** | **PART** | **IAS MOTION 53EFM** |

*Justice*

------------------------------------------------------------------------X

RAMIREZ, JR., JUAN

                          Petitioner,

              - v -

SELECTIVE ADVISORS GROUP, LLC

                         Respondent.

------------------------------------------------------------------------X

**INDEX NO.** 654670/2020

**MOTION DATE** 11/09/2020

**MOTION SEQ. NO.** 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 22

were read on this motion to/for _____ JUDGMENT - DEFAULT _____.

Juan Ramirez, Jr. (the **Petitioner**) filed this petition on September 23, 2020 pursuant to CPLR §§ 3001, 3218, and 5015 to declare void, vacate, set aside and/or strike a certain judgment by confession *nunc pro tunc* to date of entry recorded on February 22, 2012 in the action captioned, *9197-5904 Quebec, Inc. v. NLG, LLC*, Index No. 2012- 101875 (NYSCEF Doc. No. 1). Selective Advisors Group, LLC (the **Respondent**) was served with the petition on September 25, 2020 (NYSCEF Doc. No. 17). The Respondent did not respond.

The Petitioner subsequently filed the instant motion for default judgment on November 5, 2020 and served the Respondent on November 9, 2020 (NYSCEF Doc. No. 22). The Respondent did not respond. Accordingly, the Petitioner's motion for a default judgment is granted as unopposed.

654670/2020   RAMIREZ, JR., JUAN vs. SELECTIVE ADVISORS GROUP, LLC
Motion No.  002

Page 1 of 2

Accordingly, it is

ORDERED that the Petitioner's motion for default judgment is granted as unopposed; and it is

further

ADJUDGED and DECLARED that the Judgment by Confession for $5,000,225.00 in the case

captioned as 9197-5904 Quebec, Inc. v. NLG, LLC entered under Index No. 101875-2012 in the

Supreme Court of New York, New York County on February 22, 2012, and assigned to Selective

Advisors Group, LLC on June 17, 2014 is *void ab initio* and hereby vacated, set aside and

stricken from the public records, *nunc pro tunc* to date of entry as it was entered without

jurisdiction, without service of process, without any due process, and collusive as the affidavit

confessing the judgment was signed by the President of the Plaintiff corporation; and it is further

ORDERED that Clerk of the Supreme Court of New York for New York County is hereby

ordered to vacate, strike and set aside from the public records the Judgment by Confession in the

case captioned as 9197-5904 Quebec, Inc. v. NLG, LLC, and assigned to Selective Advisors

Group, LLC on June 17, 2014, *nunc pro tunc* to date of entry to February 22, 2012 entered under

Index No. 101875-2012 in the Supreme Court of New York, New York County.

20210211161609ABORROKB27E1693653047B8A592A501BDEA1177

| 2/11/2021 | |
|-----------|--|
| **DATE** | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
|------------|-------------------|--|--|---------------------------|--|
| | [X] GRANTED | [ ] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

654670/2020  RAMIREZ, JR., JUAN vs. SELECTIVE ADVISORS GROUP, LLC     Page 2 of 2
Motion No.  002

Page 31 of 31
2 of 2